UNITED STATES (NUNEZ v.). See Case No. 10,379.

## Case No. 15,902.

### UNITED STATES v. NUNNEMACHER et al.

[7 Biss. 111.] [1]

Circuit Court, E. D. Wisconsin. March, 1876.

INTERNAL REVENUE — REMOVING SPIRITS — CONCEALMENT—CONSPIRACY—PRINCIPAL AND AGENT.

1. It is not necessary to prove that the precise quantities were removed, in an indictment for removing distilled spirits, on which the tax had not been paid; proof of any quantity removed, less or more than is alleged, upon which the tax has not been paid is sufficient.

2. It is not indispensable to the prosecution that the removal of the spirits took place at the precise times stated; but it must be at, or about the time stated, and evidence of removals considerably anterior will be inadmissible.

3. In a count of an indictment for removal and concealment, conviction may be had if removal is proved, though concealment is not shown.

4. If a person in interest in the business of the distillery, for himself, either alone or with others, directed, prescribed, ordered or set on foot the alleged removal or removals of spirits, or aided or abetted therein, he may be convicted of such removal or removals, although he may not have been personally present at the time.

5. Where a person with unlawful purpose or intent designs the commission of a criminal act, and to carry out that purpose or effect the unlawful object, another is employed to do the act, that act becomes the act of the principal, and he as well as the agent is criminally responsible.

6. A conspiracy is formed when two or more persons agree together to do that which is unlawful, and when one or more of the parties does any act to effect the object of such conspiracy. A mere agreement or combination to effect an unlawful purpose, not followed by any act, does not constitute the offense; there must be both the corrupt agreement or combination and an act done in pursuance thereof to make the punishable offense under the statute.

7. A general discussion of the law on the question of conspiracy. Many authorities cited and commented upon.

8. Identity of conspiracy is not destroyed by the connection at a subsequent time of new parties therewith.

This was a trial on an indictment [against Jacob Nunnemacher and others] for removal of distilled spirits from a distillery to a place other than a distillery warehouse, and for conspiracy.

J C. McKinney and L. S. Dixon, for the United States.

Winfield Smith and James G. Jenkins, for defendant Nunnemacher.

DYER, District Judge (charging jury). The indictment in this case contains four counts. The substance of the first count is, that on the 18th day of December, 1874, the defendant on trial, Jacob Nunnemacher, and the other persons named in the indictment, removed and aided in the removal of 3500 proof gallons of distilled spirits, on which the tax then due and owing to the United States, and required by law to be paid, had not been paid, from the distillery of the defendant, Christian Guenther, to the place of business of the defendant, August Hauske, and to a place other than the distillery warehouse of the said Christian Guenther, and concealed and aided in the concealment of these spirits.

The second count is like the first, except that the time of alleged removal and concealment of spirits is therein named as the 21st day of December, 1874, the quantity of spirits then alleged to have been removed is stated to be 3000 proof gallons, and the place to which and where they are alleged to have been removed and concealed is stated to be a railroad car in the city of Milwaukee.

The third count is like those that precede it, except that concealment is not charged, and except that the time of alleged removal of spirits is therein named as the 23d day of April, 1875; a railway car in the city of Milwaukee is the place to which these spirits are alleged to have been removed, and the quantity of such spirits is said to be 3500 proof gallons

The fourth count charges, that on the 18th day of December, 1874, the defendants named in the indictment, including the defendant, Jacob Nunnemacher, conspired together by producing and distilling large quantities of distilled spirits at the distillery of Christian Guenther, and to transport and remove the same from the distillery out of this collection district, without payment of the taxes required by law to be paid on distilled spirits, unlawfully to defraud the United States of the tax on said spirits; and as acts charged to have been done, to carry out the purpose of the conspiracy, it is alleged that on different days named in the count, the defendants produced and distilled at the distillery of Christian Guenther various quantities of spirits which are enumerated. and did not pay the tax thereon required by law to be paid, and removed such spirits from said distillery to a place and to places other than the distillery warehouse provided by law.

This is distinguished from the other counts, as the conspiracy count, in this indictment.

The first three counts are based on section 3296 of the Revised Statutes, which provides. that "whenever any person removes or aids or abets in the removal of any dis-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

tilled spirits on which the tax has not been paid, to a place other than the distillery warehouse provided by law, or conceals or aids in the concealment of any spirits so removed," he shall be liable to certain penalties.

The fourth count is based upon section 5440 of the Statutes, which provides, that "if two or more persons conspire either to commit any offense against the United States, or to defraud the United States in any manner or for any purpose, and one or more of such parties do any act to effect the object of the conspiracy, all the parties to such conspiracy shall be liable" to certain penalties.

Both in the testimony and the arguments of counsel, you have been informed, not only of the different processes involved in the distillation of spirits, but also of many of the requirements of law that must be regarded in carrying on the business. Among those requirements is one to the effect that there shall be a distillery warehouse connected with every distillery, where all spirits manufactured at the distillery shall be deposited and kept under the charge of a government officer, until the tax thereon has been paid and until it may be lawfully removed therefrom for sale or other disposition; and it is, as we have seen from a statutory provision I have quoted, an offense for any person to remove or aid in the removal of any distilled spirits upon which the tax has not been paid, to a place other than the distillery warehouse provided by law.

To establish the offenses charged in the first three counts in this indictment, as against the defendant on trial, it must be shown:

As to the first count, that on the 18th day of December, 1874, or at about that time, there were spirits at the distillery in question upon which the government tax had not been paid; that they were removed to the place of business of August Hauske, or after such removal were there concealed; that this was a place other than a distillery warehouse provided for or authorized by law; and that the defendant removed or concealed after removal, or aided in or abetted the removal or concealment of such spirits.

As to the second count, the same state of facts must be shown, except that the alleged removal or concealment of spirits must be proved to have taken place on the 21st day of December, 1874, or about that time; that the alleged removal was made to a place other than a distillery warehouse in the city of Milwaukee; and that the place of concealment was a railway car.

As to the third count, again the same state of facts must be shown, except that the alleged removal of spirits must be proved to have taken place on or about the 23d day of April, 1875, and that the place to which the spirits were removed if at all, was a railway car in the city of Milwaukee. Concealment, as I have stated, is not alleged in this count. The offense here charged is simply the act of removal.

In each of these counts, particular quantities of spirits are alleged to have been removed—as in the first, 3500 proof gallons, in the second, 3000 proof gallons, and the third, 3500 proof gallons. Nevertheless, it is not necessary to prove that these precise quantities were so removed. So far as quantity is concerned, proof of any quantity removed, less or more than is alleged, upon which the tax had not been paid, is sufficient. You will bear in mind, that it is essential that it be proved that the spirits, if any, removed or concealed as alleged in the first and second counts, and removed as alleged in the third count, were spirits upon which the government tax had not been paid, that the places of removal and concealment were as alleged, and that the defendant, Jacob Nunnemacher, was a party to or aided in or abetted the commission of the acts charged.

Particular times of removal, and removal and concealment of spirits are alleged in these three counts. It is not however indispensable that the prosecution prove that these alleged transactions took place at the precise times stated. If it be shown that the removal of spirits alleged in any one of these counts or the concealment of spirits alleged in the 1st and 2d counts, were made at or about the time therein stated, this is sufficient. The time to be proved must be at, or about, or near the time stated, so that it may be plain that the proof is not of some other transaction than that alleged.

Evidence has been introduced tending to show removals of spirits from the distillery mentioned, to places other than the distillery warehouse, at periods considerably anterior and even several years prior to the times stated in either of these three counts in the indictment. Concerning this evidence, I have to say, that it was only permitted to be given in support of the fourth or conspiracy count in the indictment, and that evidence is not to be considered by you as at all bearing upon the first three counts or either of them. Evidence of removals of spirits in previous years would not support the allegations in either of those counts. To use it for such purpose, would be to accept proof of one offense to convict of a different offense, and this could not be permitted. Conviction on either of the first three counts must be of the specific offense therein charged, and the evidence to establish such offense must be of the transaction or transactions alleged and occurring at or about the time stated.

I have said that to convict this defendant on either of these counts, it must be shown that he was a party to, or aided in, or abetted the commission of one or more of the acts charged. In this connection I may say that, although the first two counts allege both removal and concealment, if it be proved

that the defendant removed, or aided in or abetted the removal from the distillery, of spirits upon which the tax had not been paid to the place or places stated, at or about the time or times alleged, conviction may be had upon the count under which removal may be proved, if at all, though concealment be not shown.

Now gentlemen, the three counts in question allege the commission of illegal acts. This defendant is charged with committing those acts. I may first state to you as a general proposition, that to establish this charge, there must be shown participation in or connection with the alleged removal or concealment of spirits on the part of the defendant, with intent to accomplish or forward the commission of the act. If he personally, with guilty knowledge or intent, did the act either for or by himself, or jointly with others, that of course ends the question. To instigate, encourage, incite, advise, procure or assist in the removal of spirits on which the tax has not been paid from the distillery to a place other than the distillery warehouse, with a design to accomplish, or promote, or facilitate such removal, is to aid in and abet the commission of the act. With these general propositions in mind, let us come to more particular statements. And what I now say, you will keep in mind when we come to consider the count for conspiracy, for the same general rules or principles apply under that count as under those we are now considering.

If this defendant was a party in interest in the business of this distillery, or was a party participating in the profits of the business, and for himself or with others, directed, prescribed, ordered or set on foot the alleged removal or removals of spirits, then he may be convicted of such removal or removals, and that, too, though he may not have been personally present at the time. U. S. v. Blaisdell [Case No. 14,608]. If he was not such a party in interest, but personally and knowingly participated in the act or acts of alleged removal, then his relation to the transaction would be the same in point of responsibility as before. If he leased his distillery or furnished for hire or otherwise, teams and teamsters for the purpose or with the intent of providing the means or affording the opportunity to facilitate or accomplish the removal of spirits upon which the tax had not been paid, from this distillery to a place other than the distillery warehouse, or with knowledge that such instrumentalities were to be so used, and with such instrumentalities so furnished and employed, the alleged removals or either of them were made, then it could be said that he was influenced by an unlawful purpose, that he derived profit or advantage from the prosecution of that purpose, and he would be in that case a guilty participant in the act or acts. In other words, gentlemen, in such case, where a person with unlawful purpose or intent designs the commission of a criminal act and to carry out

that purpose or effect the unlawful object, another is employed to do the act, that act becomes the act of the principal, and he, as well as the agent is criminally accountable. This is upon the principle that "he who commands or procures a crime to be done, if it is done, is guilty of the crime." So too, if these spirits were removed as alleged, and the defendant knew them to be spirits upon which the tax had not been paid, though he had no interest in the distilling business or in the spirits alleged to have been unlawfully removed, if he intentionally aided in or abetted the removal within the meaning of those terms, as I have before stated it to you, then he offended within the meaning of the statute.

I have said that intentional participation in or connection with the alleged unlawful acts must be shown. From this it follows that proof of mere suspicion, or bare knowledge that the act is being done by others without such participation in it or connection with it, is not sufficient. If therefore the defendant leased this distillery and let his teamsters and teams, without knowledge that they were to be employed for the purpose of making or accomplishing unlawful removals of spirits, and without any purpose, intent or design of furnishing the means for such removals, but leased and let them so far as his intent was concerned, in good faith for the transaction of lawful business, and did not participate either as a party in interest, or otherwise in the alleged removals, or intentionally aid in or abet such removals, I do not think that, while such original letting of the distillery and teams and teamsters was continuing, mere subsequently acquired knowledge that the alleged unlawful transactions were in progress, would justify conviction under either of the first three counts in this indictment. Knowledge of the commission of unlawful acts may, however, be taken into consideration by the jury, in connection with whatever facts and circumstances may be proved, to aid in determining whether or not the defendant was a participant in or a party to the alleged unlawful acts, if such acts or either of them be shown.

Now it is claimed on the part of the government, that at the times stated in the first three counts of the indictment, this defendant was in fact a party in interest in the distilling business at the Kinnikinnic Distillery, although others were having the active management; that the connection of Guenther with the business as a manager was a mere cover or subterfuge adopted to facilitate the manufacture and removal of illicit spirits from the distillery, for the benefit of Jacob and Hermann Nunnemacher; that this defendant, whether directly a party in interest in the business or not, leased the distillery and furnished teamsters and teams for the purpose of removing such spirits from the distillery to places other than the distillery warehouse, and had knowledge that

they were to be and were so used, and that all the circumstances show his participation and intentional co-operation in the alleged unlawful acts charged in these counts of the indictment. This is the claim on the part of the prosecution.

On the contrary, it is claimed on the part of the defense, that he was not in any manner interested in the business of distilling; that he had leased the property, and that others operated the distillery and conducted, controlled and had the avails of the business, without any participation therein by him, except that he received, as he claims, rents for the use of the property, stipulated compensation for the employment of his teams and teamsters, and a portion of the slops of the distillery for his cattle and other stock; that he was engaged in carrying on his farm, dealing in cattle and hogs, and that his business was entirely disconnected from the manufacture of spirits, and that he had no interest therein. It is claimed further in his behalf, that there was no participation by the defendant, with guilty knowledge or intent in the removal or concealment of illicit highwines; that he knowingly rendered no aid, assistance or encouragement in the removal of such spirits, and that his attention to teams owned by him and assisting in the distillery business, was merely to see that they were not overlooked and were properly used and cared for; and it is also claimed that the testimony is wholly inadequate and insufficient to establish either of these three counts as against this defendant.

The judge then recapitulated the points under the first three counts in the indictment upon which the jury must find, and proceeded:

Upon the fourth count in the indictment, the questions requiring your attention are these: (1) Was there such a conspiracy as is alleged, and if there was, were any or either of the overt acts charged in this count committed as alleged, in execution of the conspiracy, or to carry into effect its object? (2) If such a conspiracy was formed and existed, was the defendant connected with it as one of the conspirators?

A conspiracy is formed when two or more persons agree together to do that which is unlawful—in others words, when they combine to accomplish, by their united action, a criminal or unlawful purpose; and the statutory offense is complete, when such agreement is made or such combination is entered into and one or more of the parties does any act to effect the object of such conspiracy. To illustrate, if two or more persons agree together that by fraudulent practices they will deprive or defraud the government of the tax required to be paid on distilled spirits, and one or more of these persons does any act to effect the object of such agreement, they are guilty of the offense of conspiracy.

"It is not necessary, to constitute a conspiracy that two or more persons should meet together, and enter into an explicit or formal agreement for an unlawful scheme, or that they should directly by words or in writing, state what the unlawful scheme is to be, and the details of the plan or means by which the unlawful combination is to be made effective. It is sufficient if two or more persons in any manner or through any contrivance, positively or tacitly come to a mutual understanding to accomplish a common and unlawful design." U. S. v. Babcock [Case No. 14,487].

A mere agreement or combination to effect an unlawful purpose, not followed by any act done by either of the parties to carry into execution the conspiracy, does not constitute the offense. There must be both the corrupt agreement or combination, and an act done by one or more of the parties to effect the illegal object or design agreed upon, to make the punishable offense under the statute. If the conspiracy is formed by all or some of the parties charged, and the act to effect the object of the conspiracy is done by only one of the parties, this constitutes a complete offense as to both or all of the members of the conspiracy, for in that case the act of one becomes the act of both or all. I say to you further, that such connection with or relation to a conspiracy as the law takes notice of and punishes, is not dependent upon personal, pecuniary interest in the result of the unlawful adventure. Where there is an attempted attainment of an unlawful end by two or more persons, who are actuated by a common design of accomplishing that end, and who in any way and from any motive work together in furtherance of the unlawful scheme, each one of the persons becomes a member of the conspiracy. In determining whether the person charged is one of the alleged conspirators, it is obviously proper and important for the jury to inquire whether any interest or motive, pecuniary or of any other character, existed, for participation in the unlawful enterprise, and this may oftentimes materially aid in a determination of the question, as to whether the person accused was or was not one of the parties to the alleged conspiracy.

To establish the commission by the defendant of the offense here charged, you must be satisfied upon the testimony, that a conspiracy was formed to defraud the United States of the tax upon distilled spirits, distilled and produced at the distillery in question; that the defendant, Jacob Nunnemacher, was a party to that conspiracy, and that to effect the object of such conspiracy, one or more of the defendants named in the indictment did one or more of the overt acts therein alleged. The overt acts charged in this count are the removals of certain quantities of distilled spirits, upon which the government tax had not been paid, to a place and places other than the distillery warehouse provided by law. It is not essential that the precise quantity of spirits named in the count should be proven, nor is it necessary that the alleged conspiracy should be shown to have been formed at the

precise time alleged. It is sufficient if it be shown that there was a quantity or were quantities of spirits distilled and produced at the distillery named, upon which the tax was unpaid, that at about the time charged in the indictment, there was a conspiracy between any two or more of the persons who are alleged to have conspired together to defraud the government of the tax on such spirits, that the defendant on trial here, was connected with, or a party to such conspiracy, and that the unlawful combination was followed by one or more of the alleged acts done by one or more of the defendants, for the purpose of accomplishing its object. There must be at least two parties to a conspiracy, and the defendant Jacob Nunnemacher, may be convicted under the allegations of the fourth count of this indictment, if it be established beyond reasonable doubt, that he either conspired with any of the defendants named in the count or with any person or persons unknown to the government and the jury, or with any of the defendants named, and any person or persons so unknown, to defraud the United States of the tax on the spirits mentioned.

To establish a conspiracy, it is not, as I have already said, necessary that there should be "an explicit or formal agreement for an unlawful scheme" between the parties, nor is it essential that direct and positive proof be made of an express agreement to do the act forbidden by law. In such cases it is frequently impossible to produce such proof, because conspiracies are not usually meditated and planned in the presence of witnesses not parties thereto, nor in the terms of express stipulations. Hence it is competent to prove the alleged conspiracy by circumstances. The understanding, combination or agreement between the parties in the given case, to effect the unlawful purpose charged, must be proved, because without the corrupt agreement or understanding there is no conspiracy. But as I have just said, circumstantial evidence may be resorted to, to show the agreement or conspiracy. The acts of parties, the nature of those acts, with the accompanying circumstances, the character of the transaction or series of transactions, as the evidence may disclose them, should be investigated and considered, and are sometimes the only sources from which to derive the evidence of an agreement which may be express or implied to do the act which the law condemns.

If you find the existence of the conspiracy as alleged, your inquiry upon this count will be narrowed to a single ultimate question of fact, namely: was the defendant one of the conspirators—a fellow conspirator with the officers and other persons named in the indictment. The government affirms it and must prove it by legal and satisfactory evidence in order to ask a verdict in its favor. * * * In this connection, I say to you further, that the identity of a conspiracy is not necessarily destroyed by the connection, at a subsequent period, of new or additional parties therewith. In other words, a conspiracy may be formed between certain persons, other persons may join it in its succeeding stages, and so its existence as one prolonged conspiracy may be continued. As the defendant is indicted for conspiracy with the persons named in the indictment, it is clear that the charge implies that the defendant knew there was such a conspiracy, and, with such knowledge, knowingly aided the conspirators in their unlawful scheme, and the alleged guilty knowledge and participation must be proved by the government.

Guilty connection with a conspiracy may be established by showing association by the person accused, with others in and for the purpose of the prosecution of the illegal object. Each party must be actuated by an intent to promote the common design, but each may perform separate and distinct acts in forwarding that design. "If two persons pursue by their acts the same object, one performing part of an act, and the other another part of the same act, so as to complete it with a view to the attainment of the object they were pursuing, the jury are at liberty to draw the conclusion that they have been engaged in a conspiracy to effect that object." 3 Archb. Cr. Prac. 622.

Co-operation in some form must be shown, though that co-operation need not be prompted by personal pecuniary interest. There must be intentional participation in the transaction, with a view to the furtherance of the common design and purpose, though that participation need not be active and may be subordinate. If parties in any manner work together to advance the unlawful scheme, having its promotion in view, and "actuated by the common purpose of accomplishing the unlawful end," they are conspirators. If a person, understanding the unlawful character of the transaction, encourages, advises, counsels, or in any manner, with a view to forwarding the enterprise or scheme, assists in its prosecution, he becomes a conspirator. * * *

Mere knowledge that a conspiracy has been formed or is in progress, unaccompanied by such acts or relation to it as show intentional connection with or participation in the conspiracy, is not sufficient to charge the person with the offense; though in such case, the fact of knowledge, when proved, may be considered in connection with the conduct of the person and all the circumstances, in determining whether or not he is a party to the conspiracy.

The judge then reviewed the testimony at length and explained the character of evidence necessary to conviction.

Verdict. "Guilty under the conspiracy count, and not guilty as to the first three counts in the indictment."

[For a motion to quash the indictment under the first and second counts, see Case No. 15,903.]