## MURRY v. UNITED STATES.

### WILLIAMS v. SAME.

(Circuit Court of Appeals, Eighth Circuit. August 19, 1922.)

#### Nos. 6032, 6033.

1. **Conspiracy ⬤➡48—Evidence held sufficient to make question of conspiracy to commit offense against the United States one for the jury.**

   In prosecution under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to commit an offense against the United States by having possession of and transporting intoxicating liquor, in violation of National Prohibition of Act, tit. 2, § 3, circumstantial evidence *held* sufficient to carry the case to the jury.

2. **Conspiracy ⬤➡51—Defendants, convicted of conspiring to commit offense against United States, could be given punishment prescribed therefor, though offenses which they conspired to commit carried less punishment.**

   In prosecution under Criminal Code, § 37 (Comp. St. § 10201), for conspiracy to commit an offense against the United States by having possession of and transporting intoxicating liquor, in violation of the National Prohibition Act, tit. 2, § 3, the court *held* authorized in imposing the punishment prescribed for conspiracy to commit an offense against the United States, though such punishment was greater than that prescribed by the act for the offenses which the defendants had conspired to commit.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Ben Murry and Joe Williams were convicted of conspiracy to commit an offense against the United States by having possession of intoxicating liquors and of transporting intoxicating liquor in violation of the National Prohibition Act, and they bring error. Affirmed.

Berry H. Randolph and Arthur Cobb, both of Hot Springs, Ark., for plaintiffs in error.

Charles F. Cole, U. S. Atty., of Batesville, Ark., W. A. Utley, Asst. U. S. Atty., of Benton, Ark., and June P. Wooten, Sp. Asst. U. S. Atty., of Little Rock, Ark.

Before CARLAND, Circuit Judge, and MUNGER, District Judge.

CARLAND, Circuit Judge. Murry and Williams, hereafter called defendants, were convicted and sentenced on each of three counts of an indictment—the first count of which charged a conspiracy to commit an offense against the United States (section 37, Criminal Code [Comp. St. § 10201]), the second the possession of intoxicating liquor, and the third the transportation of intoxicating liquor, all in violation of the National Prohibition Act (41 Stat. 308, title 2, § 3). The defendants sued out separate writs of error, but the cases have been argued as one case, and will be so treated in this opinion.

[1] The defendants at the trial made a motion for a directed verdict in their favor as to the first count, which was overruled. This ruling is assigned as error. The evidence introduced on the part of the United States, the defendants introducing none, showed that defendants were arrested in Pulaski county, Ark., near Little Rock city,

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

on what is called the "Nineteenth street pike," after a chase of 2 or 3 miles. They were driving a Stevens car, and had in their possession seven 10-gallon kegs of moonshine whisky. The officers tried to stop the car, but could not do so until they shot one of the tires off the car. The defendant Murry drove the car, which contained the whisky. He admitted that it was his whisky and that he transported it. The whisky was partly covered with a tarpaulin or blanket. It was about midnight when defendants were arrested. They were driving the car, when chased by the officers, from 50 to 61 miles an hour.

It is claimed by counsel for defendants that there was no evidence showing a conspiracy. We are of the opinion that the jury had the right to draw from the evidence introduced the inference that the defendants had agreed to have possession of the whisky and to transport it. It is impossible in most cases to show by direct evidence that the persons charged met together and agreed to do certain unlawful things. These agreements are usually made secretly, and it thus results that nearly all conspiracies are proven by circumstantial evidence. Reilley v. United States, 106 Fed. 896, 46 C. C. A. 25; United States v. Cassidy (D. C.) 67 Fed. 698; United States v. Barrett (C. C.) 65 Fed. 62; United States v. Wilson (D. C.) 60 Fed. 890; United States v. Newton (D. C.) 52 Fed. 275; United States v. Sacia (D. C.) 2 Fed. 754; United States v. Nunnemacher, 7 Biss. 111, Fed. Cas. No. 15902; Mussel Slough Case (C. C.) 5 Fed. 680; Alkon v. United States, 163 Fed. 810, 90 C. C. A. 116; Davis v. United States, 107 Fed. 753, 46 C. C. A. 619; Chadwick v. United States, 141 Fed. 225, 72 C. C. A. 343, citing Agnew v. United States, 165 U. S. 36, 17 S. Ct. 235, 41 L. Ed. 624; Wilson v. United States, 190 Fed. 427, 111 C. C. A. 231; Chadwick v. United States, 141 Fed. 225, 72 C. C. A. 343; Marrash v. United States, 168 Fed. 225, 93 C. C. A. 511.

[2] It is further contended by counsel for the defendants that the court had no authority to impose a greater punishment than that provided by the National Prohibition Act, because the offense of conspiracy was merged into the lesser offenses under the National Prohibition Act. There is no merit in this contention. It has been often made, but never sustained. That the Legislature had the power to provide that a conspiracy to commit an offense should be punished more severely than the offense itself is not open to question at this time. United States v. Stevenson, 215 U. S. 200, 30 Sup. Ct. 37, 54 L. Ed. 157; Clune v. United States, 159 U. S. 590, 16 Sup. Ct. 125, 40 L. Ed. 269; Thomas v. United States, 156 Fed. 897, 84 C. C. A. 477, 17 L. R. A. (N. S.) 720; Mitchell v. United States, 229 Fed. 357, 143 C. C. A. 477; United States v. Rabinowich, 238 U. S. 78, 35 Sup. Ct. 682, 59 L. Ed. 1211; 12 C. J. 644.

The liability for conspiracy is not taken away by its success; that is, by the accomplishment of the subsequent offense at which the conspiracy aims. Heike v. United States, 227 U. S. 131, 33 Sup. Ct. 226, 57 L. Ed. 450, Ann. Cas. 1914C, 128.

Judgment affirmed.