16612

STATE v. FERGUSON *ET AL.*
(70 S. E. (2d) 355)

*Messrs. C. T. Graydon,* of Columbia, *and Hugh M. Mc-Aulay,* of Charlotte, N. C., *for Appellant,* cite:

*Mr. T. Pou Taylor, Solicitor,* of Columbia, *for Respondent.*

April 4, 1952.

HENDERSON, Acting Associate Justice.

There are two counts in the indictment in this case. In one the appellants, George W. Ferguson and D. O. Spires, with seventeen other persons, are charged with conspiring to set up a numbers lottery. In the second count the same

defendants are charged with setting up a lottery in violation of section 1231 of the Code. Sixteen of the defendants plead guilty, the case against one was withdrawn from the jury, and the two appellants were tried. Furguson was found guilty under both counts. Spires was convicted under the conspiracy charge only.

The first nine exceptions relate to the indictment. The appellants moved to quash the indictment, and in several other motions made during the trial contended that they could not be charged at the same time with conspiracy and with setting up a lottery. In their exceptions they claim that the first count should have been eliminated, and the trial should have proceeded on the second count only, which charged a violation of the lottery statute.

The first count, after alleging the conspiracy, sets forth certain overt acts in fulfillment of the contemplated crime. In criminal conspiracy it is not necessary to prove an overt act. The gist of the crime is the unlawful combination. The crime is then complete, even though nothing further is done. *State v. Ameker,* 73 S. C. 330, 53 S. E. 484. As a result, it is not necessary that the indictment should allege an overt act. Frequently, however, this is done, and such allegation may be rejected as surplusage. 15 C. J. S., Conspiracy, § 88, p. 1131; 11 Amer. Juris. 563.

It is true that in some cases where concerted action is necessary, as for example in certain sexual offenses, it is not permitted to charge one in the same indictment with a conspiracy and also with the substantive crime. The setting up of a lottery, however, is not necessarily one which requires concerted action. One person may set up a lottery or expose it to be played.

Especially where the completed crime is a misdemeanor, a conspiracy does not merge into it, but is a distinct offense in itself and punishable as such, notwithstanding that the object of the conspiracy has been

accomplished. 15 C. J. S., Conspiracy, § 76, p. 1108; 11 Amer. Juris. 549.

The indictment sufficiently alleges the facts of the agreement. 15 C. J. S., Conspiracy, § 80, p. 1112.

It charges that at a certain time and place the defendants wilfully and unlawfully agreed, confederated, conspired, and banded themselves together to set up and expose to be played a lottery, commonly known as the numbers game, and it fully described how the game was to be conducted.

The Trial Judge, in our opinion, properly refused the motions directed to the indictment.

It is next contended by the appellants that the Circuit Judge was in error in refusing to grant their motion for segregation of the witnesses. The exclusion of the witnesses from the court room is a matter which rests largely in the discretion of the trial judge. *State v. O'Neal,* 210 S. C. 305, 42 S. E. (2d) 523. We find no abuse of discretion in this instance.

The appellants objected to the admission of certain testimony as to declarations of the defendants, Jolly and Walker, out of the presence of the appellants. We see no error here, since when a conspiracy is shown all declarations in furtherance thereof, by any of the conspirators, to advance the common cause, are evidence against all, though not made in the presence of each other. *State v. Blackwell,* S. C., 67 S. E. (2d) 684, 685.

"When *prima facie* evidence of a conspiracy has been introduced, the acts and declarations of any conspirator during the pendency of the conspiracy, and in furtherance thereof, or in regard thereto, are the acts and declarations of each and of all the conspirators, and are admissible against any or all of them." *State v. Kennedy,* 85 S. C. 146, 67 S. E. 152, 155.

Under the fourth question involved, it is said that trial judge erred in allowing the witnesses, O. L. Brady, J. P. Strom, and S. A. Griffith to testify as

to statements made to them by Lucinder Smith, the appellants contending that this was simply an effort on the part of the State to bolster up its own witness. Some of this evidence was excluded by Judge Bellinger. All of the statements which were admitted were made in the presence of Spires, who himself took part in the conversation. We think there was no error in admitting this evidence, or in refusing to grant a mistrial thereabout.

In two of the exceptions the appellant Spires claims that the Circuit Judge should have directed a verdict of not guilty in his favor as to the conspiracy charge. This defendant was a detective on the police force of the City of Columbia. There was evidence that Ferguson, Walker, Jolly, and a number of the other defendants had gathered one night at the home of David DuValt for the purpose of organizing a lottery game. Ferguson, who was the leading spirit, told the others that he had made arrangements for protection and "had paid off the law". Upon some of the defendants expressing misgivings as to the truth of this, the defendant Jolly said: "To show you that I am right, I will get the law out here, and let him talk to you." He went to a telephone, and soon came back into the room, reporting that "they will be here in a few minutes." In a short time detective Spires arrived, entered the room where the group was sitting about the table, and spoke to Walker and Jolly, whom he already knew. He then went out in the hallway with Walker and talked with him a while. Spires came back into the room, pointed to Ferguson, Walker, and Jolly, and told the others who were present that "whatever these men tell you to do is all right." Walker and Spires then went out. At the door of the house three others were coming in, and Walker said to Spires: "Well, here are three fellows who I think are going to be some of our fellows, and going to work for us. Do you know these boys?" To this Spires answered: "I think so."

This evidence was from the witnesses for the State. Much of it was denied by Spires. He claimed that he went to the

house to see if there was any disorder, although he made no report of the incident to his superiors. At any rate a question of fact was presented for the jury, and the motion for a directed verdict was properly refused.

One exception relates to the cross examination of the defendant Spires with reference to his knowledge of the operation of numbers games about the city of Columbia. This evidence was admissible. He claimed that his visit to the DuValt home, and seeing the persons who were there, especially Jolly and Walker, had suggested no thought to him about the numbers game.

The evidence that Spires was paying alimony to a former wife had a bearing on his financial condition, about which there was a good deal of testimony.

Under the last group of exceptions the appellants contend that there was error in sentencing them to three years and a fine of one thousand dollars under the conspiracy count. Their argument is that one convicted of conspiracy to commit a statutory misdemeanor cannot be punished more severely than the penalty set out for such misdemeanor itself, and consequently that the limit in this case on the conspiracy count, is one year imprisonment and a fine of one thousand dollars, as provided for violation of the lottery statute.

Conspiracy is a common-law offense and is a misdemeanor. No maximum limit being fixed by statute for this crime, the punishment is governed by Article 1, Section 19, of the Constitution, and by Section 1038 of the Code. The Constitution prohibits cruel and unusual punishment. The statute, section 1038, says that the Court shall award such sentence as is conformable to the common usage and practice in this State, according to the nature of the offense. We do not think that the sentence in this case conflicts with these requirements. Among cases in which varying sentences have been imposed for conspiracy are *State v. McAdams,* 167 S. C. 405, 166 S. E. 405; *State v. Davis,* 88 S. C. 229, 70

S. E. 811, 34 L. R. A., N. S., 295; *State v. Ameker,* above; *State v. Cardoza,* 11 S. C. 195. "Only under rare and unusual circumstances will this Court interfere with the discretion of the trial judge in the imposition of a sentence." *State v. Kimbrough,* 212 S. C. 348, 46 S. E. (2d) 273, 277.

We have no statute in this State providing that the punishment for conspiracy to commit a crime shall not exceed the penalty for the completed offense. At 15 C. J. S., Conspiracy, § 96, p. 1165, it is said that the weight of authority holds "that the legislature has the undoubted power to enact statutes which impose a heavier punishment for a conspiracy than for the offense which it is the object of the conspiracy to commit, and that a sentence in conformity with legislation of this character is unobjectionable and valid. The sentence of one convicted of conspiracy to violate a particular statute and to commit a certain crime is not illegal because of any difference in the maximum length of imprisonment authorized for the substantive offenses".

In many instances a combination of persons to commit a crime is a more serious offense and more dangerous because of its increased power to do wrong, than the commission of the contemplated crime itself.

The sentence of Ferguson under the lottery count, imprisonment for one year and a fine of one thousand dollars, was precisely that required by the statute, Code 1231.

Accordingly the exceptions are overruled, and the judgment of the Circuit Court is affirmed.

STUKES, TAYLOR and OXNER, J.J., and BRAILSFORD, A. A. J., concur.