George W. FERGUSON, Appellant,

v.

Wyndham MANNING, Superintendent of
the South Carolina Prison,
Appellee.

No. 6873.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 5, 1954.

Decided Oct. 6, 1954.

C. T. Graydon, Columbia, S. C. (Hugh McAulay, Charlotte, N. C.; on the brief), for appellant.

William A. Dallis, Asst. Atty. Gen., of South Carolina (T. C. Callison, Atty. Gen. of South Carolina, on the brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and HOFFMAN, District Judge.

PER CURIAM.

This is an appeal from an order denying a writ of habeas corpus to a prisoner incarcerated under the judgment and sentence of a court of the State of South Carolina. Petitioner was convicted under two counts of an indictment one of which charged conspiracy to set up a numbers lottery and the other the actual setting up of the lottery. He was given a sentence of three years imprisonment and a fine under the conspiracy count and a sentence of one year and a fine under the count charging the substantive offense. On appeal to the Supreme Court of the state, he contended that the law of the state did not authorize his conviction under the conspiracy count and that, in any event, imprisonment under that count could not exceed the term authorized for the substantive offense. The questions thus raised were squarely decided against appellant by the Supreme Court of South Carolina. State v. Ferguson, 221 S.C. 300, 70 S.E.2d 355. Nevertheless these are the questions and the only questions raised on the application to the court below for the writ of habeas corpus or on the appeal from the order of that court denying the writ.

■■■ We think that the writ was properly denied. It is too well settled to admit of argument that the federal courts are bound by the interpretation placed upon the statutes of a state by its highest court; and the only questions raised by the application for the writ are questions of this character which the Supreme Court of South Carolina has decided. Under such circumstances it was not incumbent on the court below to issue the writ. Brown v. Allen, 344 U.S. 443, 458, 73 S.Ct. 397, 407, 97 L.Ed. 469.

Affirmed.