DAVID MILTON LANE *v.* STATE OF INDIANA.

[No. 971S279. Filed November 1, 1972.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

HUNTER, J.—This is an appeal by David M. Lane from a judgment in the Marion Criminal Court, Division One, convicting him of the crime of Conspiracy to Commit a Felony. On June 4, 1970, the appellant was indicted for conspiring to commit the crime of second degree burglary. On August 19, 1970, he waived arraignment and entered a plea of not guilty. A jury trial was waived, and the cause was tried on April 22, 1971, before the Honorable John T. Davis, Judge. Upon conviction, the appellant was sentenced to the Indiana Reformatory for a term of not less than two (2) years nor more than fourteen (14) years.

The following issues have been raised on appeal:

1. That the penalty imposed by the conspiracy statute is in violatuion of Art. 1, § 16 of the Constittuion of the State of Indiana which provides that "all penalties shall be proportioned to the nature of the offense."

2. That the evidence is insufficient to sustain the conviction.

The conspiracy statute, IC 1971, 35-1-111-1, (Ind. Ann. Stat. § 10-1101 [1956 Repl.]), provides for a penalty of two to fourteen years upon conviction. The burglary statute, IC 1971, 35-13-4-4 (b), (Ind. Ann. Stat. § 10-701 (b) [1956 Repl.]), provides for a penalty of two to five years following a conviction for second degree burglary. It is appellant's contention that he cannot receive a greater sentence for *conspiring* to commit second degree burglary than he would have received for the actual *commission* of the offense. In support of his position, appellant relies upon *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815 and *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498. In both cases, this Court decided that a person cannot receive a penalty for the commission of a lesser included offense which

is greater than the penalty he would have received for the commission of the greater offense. The legal reasoning set forth in *Dembowski* and *Hobbs* is applicable to the case at bar only if the crime of conspiracy to commit a felony is a lesser included offense of the particular felony in question. It is well established that an offense will be considered a lesser included offense only when it is impossible to commit the greater offense without first having committed the lesser. See, *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647; *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405; *Hobbs* v. *State, supra.* Applying this test to the crime of conspiracy, it must be recognized that a material element of conspiracy is the unified or concerted action of two or more persons. The unified or concerted action of two or more persons is not an element of second degree burglary. The distinction between these crimes was recognized in *Durke* v. *State* (1932), 204 Ind. 370, 378, 183 N. E. 97, 100, where we stated:

> "[I]t must be said that the essential proof in a prosecution for burglary would not be sufficient to convict one charged with the crime known as 'conspiracy to commit a felony'— burglary. In the latter case the evidence must show a uniting or confederation of two or more persons to commit the burglary."

It necessarily follows that the crime of conspiracy to commit burglary is not an included offense of the crime of burglary under the laws of this state, and we conclude, therefore, that *Dembowski* and *Hobbs* are not controlling of the constitutional issue presented in the case before us.

A somewhat similar question was decided by the Supreme Court of South Carolina in the case of *State* v. *Ferguson* (1952), 221 S. C. 300, 70 S. E. 2d 355, cert. denied, 344 U.S. 830. In resolving this issue, the court stated:

> "Under the last group of exceptions the appellants contend that there was error in sentencing them to three years and a fine of one thousand dollars under the conspiracy

count. Their argument is that one convicted of conspiracy to commit a statutory misdemeanor cannot be punished more severely than the penalty set out for such misdemeanor itself, and consequently that the limit in this case on the conspiracy count, is one year imprisonment and a fine of one thousand dollars, as provided for violation of the lottery statute.

. . .

"We have no statute in this State providing that the punishment for conspiracy to commit a crime shall not exceed the penalty for the completed offense. At 15 C.J.S., Conspiracy, § 96, p. 1165, it is said that the weight of authority holds 'that the legislature has the undoubted power to enact statutes which impose a heavier punishment for a conspiracy than for the offense which it is the object of the conspiracy to commit, and that a sentence in conformity with legislation of this character is unobjectionable and valid. The sentence of one convicted of conspiracy to violate a particular statute and to commit a certain crime is not illegal because of any difference in the maximum length of imprisonment authorized for the substantive offenses.'

"In many instances a combination of persons to commit a crime is a more serious offense and more dangerous because of its increased power to do wrong, than the commission of the contemplated crime itself." 221 S. C. at 306, 307, 70 S. E. 2d at 358."

It appears that the reasoning adopted in *State* v. *Ferguson, supra,* is in accord with the majority view in this country. See, *Steele* v. *State* (1959), 52 Del. 5, 151 A. 2d 127; *Martin* v. *United States* (1939), 100 F. 2d 490, cert. denied, 306 U.S. 649; *Murry* v. *United States* (8th Cir. 1922), 282 F. 617. That a conspiracy to commit a crime may properly be considered to be more serious than the commission of the contemplated crime was also recognized in *United States* v. *Rabinowich* (1915), 238 U.S. 78, 88, where the court stated:

"For two or more to confederate and combine together to commit or cause to be committed a breach of the criminal laws, is an offense of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime."

472

Thus it appears well settled that the crime of conspiracy is a separate and distinct offense for which the legislature may properly impose a penalty which need not be proportionate to the penalty imposed for the commission of the contemplated offense. Appellant's contention that the statutory penalty is unconstitutional is without merit.

Appellant's final argument is that the evidence is insufficient to sustain the conviction. More specifically, it is claimed that there was no evidence presented which tended to establish that the appellant was related to or associated with his alleged accomplice, nor did the evidence disclose any understanding, agreement, or communication between them. We do not agree.

The evidence most favorable to the State is as follows: On the evening of January 25, 1970, two Indianapolis policemen were on routine patrol in the vicinity of the Shindig Tavern. They approached the rear of the tavern with the headlights of their patrol car turned off. With the aid of a spotlight which illuminated the area behind the tavern, the policemen were able to observe the appellant and his accomplice working on the back door of the tavern. The accomplice, Kitchens, was holding a flashlight while the appellant, Lane, was using a pry bar on the padlock which secured the door. The men were successful in breaking the padlock before they became aware of the policemen's presence. Both men attempted to flee, but they were apprehended by the police.

The facts presented in this case are almost identical to those found in *Johnson* v. *State* (1968), 251 Ind. 182, 240 N. E. 2d 70. In *Johnson*, the two defendants and an unidentified third party were surprised by the police during their attempt to pry open the rear door of a supermarket. In concluding that the evidence was sufficient to sustain a conviction of conspiracy, the Court stated:

"It is well settled that a conviction of conspiracy can rest on circumstantial evidence. In *Gaynor* v. *State* (1966), 247 Ind. 470, 217 N. E. 2d 156 this Court stated:

'It has been held that a conspiracy does not need to rest solely on words giving rise to an express agreement, but may be inferred from acts and conduct of the persons accused done in pursuance of an apparent criminal or unlawful purpose in common between them.' Citing *Smith* v. *State* (1960), 241 Ind. 311, 170 N. E. 2d 794; *Steffler* v. *State* (1952), 230 Ind. 557, 104 N. E. 2d 729.

In *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711 the Court stated:

'There must be an agreement and there must be evidence to prove the agreement directly, or such a state of facts that an agreement can be legally inferred.' 231 Ind. 368, 370.

In *Steffler* v. *State, supra,* this Court quoted *Brewster* v. *State* (1917), 186 Ind. 369, 115 N. E. 54, wherein it was stated:

'It is not necessary to prove that the defendants came together and actually agreed in terms to have the unlawful purpose and to pursue it by common means. If it be proved that the defendants pursued by their acts the same object, often by the same means, one performing one part and another part of the same so as to complete it with a view to the attainment of that same object, the jury will be justified in the conclusion that they were engaged in a conspiracy to effect that object,' 230 Ind. 557, 564." 251 Ind. at 189, 190, 240 N. E. 2d at 74, 75.

In the case at bar, the conduct of the accomplice, Kitchens, and the appellant, Lane, was such that the existence of a conspiracy could be legally inferred. Kitchens held a flashlight while the appellant attempted to pry open the back door of the tavern. It is reasonable to infer that only the intervention by the two policemen prevented the accomplishment of the crime of second degree burglary.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with Opinion.

DISSENTING OPINION

DeBruler, J.—Article 1, § 16 of the Indiana Constitution says that "all penalties shall be proportional to the nature of the offense". I do not see how, consistent with this mandate, the appellant may be required to serve a sentence of two to fourteen years for the offense of conspiring to commit second degree burglary, when the maximum sentence he would be required to serve had he been convicted of a completed second degree is two to five years. I would therefore remand this case to the trial court with instructions to modify appellant's sentence to two to five years.

Appellants seeking to invoke the proportionate penalty provision and obtain a modification of sentence inevitably and understandably argue that the penalty they have received for their crime is disproportionately large. Successful appellants have supplied, as part of their argument, a model or gauge crime by which this Court is asked to judge the proportionate nature of his sentence. Each has argued that the penalty provided for by the Legislature for the gauge offense is less than that imposed on him; and that the gauge offense is similar in the criminal conduct involved but even greater than his own offense in the harm inflicted. The appellant's conclusion is, therefore, that he should receive a sentence no greater than someone convicted of the more grievous gauge offense. In *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N. E. 2d 815, the defendant was convicted of simple robbery, and the gauge supplied was the greater offense of armed robbery. In *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498, the conviction was for entering to commit a felony, and the guage was second degree burglary. In *Cannon* v. *Gladden* (1953), 203 Or. 629, 281 P. 2d 233, the conviction was for assault with intent to commit rape, and the gauge supplied was rape. In the above cases, the appellate tribunals held that the penalty imposed was disproportionate in light of the lesser penalty provided for the greater gauge crime. In these cases

the gauge crime provided an example to which appellant's crime and its penalty could be easily compared. In this way it has been possible for courts to decide whether a penalty is proportionate to the nature of an offense.

On the other hand when appellate courts are asked to weigh the proportionate nature of a crime which is compared to another offense of a dissimilar nature they are unable to judge the relative fairness of the sentences because of the basic differences in the crimes themselves; that is differences in the type of acts involved and the kind of harm inflicted.

In *Hollars* v. *State* (1972), 259 Ind. 229, 286 N. E. 2d 166, the comparison of the crime of conviction with the gauge crime provided by appellant was much more difficult. In that case, the crime of which the appellant was convicted was forgery carrying a two to fourteen year penalty, and the gauge crime supplied was assault and battery with the intent to kill, which also carried a two to fourteen year sentence. There, the court declined to hold that two to fourteen years was disproportionately large.

In my view, then, whenever a claim is made under the proportionate penalty provision of Article 1, § 16 as is done in this case, the primary issue is whether or not the model or gauge crime proffered to the court affords the court with a valid basis for comparison. It is the relationship between the nature of the crime of conviction and the nature of the gauge crime which is at the heart of the matter. In order to provide a valid basis for comparison, the two crimes should involve criminal conduct and harm to the victim or to society of the same or substantially the same character. For example, in the case of *Dembowski, supra,* the two crimes being compared were simple robbery and armed robbery. In both crimes the act and harm are substantially the same type, the dissimilarities between them pointing up only variances in the degree of violence in the conduct and the degree of risk of physical injury to the victim. In *Hollars, supra,* we were

asked to compare forgery and assault and battery with intent to kill. There the dissimilarities between criminal conduct and harm involved in the two offenses were so great that comparison was rendered too speculative and the Court in effect rejected the model or gauge crime as a valid basis for comparison.

In the case at bar the crime of which appellant was convicted is conspiracy to commit a felony, to-wit: second degree burglary, and the penalty provided is two to fourteen years. The gauge crime supplied by appellant's argument is second degree burglary and the penalty provided for it is two to five years. In my view second degree burglary is a valid gauge crime for the purposes of comparison. A second degree burglary-theft is a breaking and entering into a building not a residence with intent to steal. A conspiracy to commit a second degree burglary-theft is a combination and agreement of two or more persons to commit a second degree burglary-theft coupled with some cooperative conduct on their part. *DeVault* v. *State* (1970), 254 Ind. 546, 261 N. E. 2d 232; *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711. The harm to society by the perpetration of these two crimes is the same. Both operate to divest some citizen of his money or goods by an actual taking from some building not used as a residence. The difference in the harms here is only that the harm in the one is potential while in the other it is actual. The differences in the criminal conduct involved in the two offenses does not prohibit valid comparison. Both crimes may be committed by two or more persons in concert. The acts constituting both crimes are done with like intent. In the completed crime of second degree burglary all steps necessary to its completion have occurred. In the conspiracy all steps are contemplated but only one has been taken, and that step has been taken as the first in a series which will culminate in the completed burglary.

Comparing then, these two offenses, I conclude the second degree burglary is a greater offense than conspiracy to commit

second degree burglary, and that Art. 1, § 16 of the Indiana Constitution prohibits the imposition of a penalty for conspiracy to commit second degree burglary greater than the penalty for second degree burglary.

NOTE.—Reported in 288 N. E. 2d 258.