TERRY COLE AND JOE COYLE *v.* STATE OF INDIANA.

[No. 1-1274A186. Filed December 18, 1975.]

*Andrew H. Wright,* of Salem, for appellants.

*Theodore L. Sendak,* Attorney General, *J. Roland Duvall,* Deputy Attorney General, for appellee.

LYBROOK, J.—Defendants-appellants Terry Cole and Joe Coyle appeal their convictions on two counts of conspiracy to commit a felony, to-wit: burglary, presenting three issues for review:

(1) Whether they were placed in jeopardy twice for the same offense.

(2) Whether the penalty clause of the Indiana conspiracy statute is unconstitutional.

(3) Whether defendants should have been given credit for pre-conviction incarceration.

The record reveals that in the early morning of March 6, 1974, defendants were observed by two members of the Salem Police Department as they unsuccessfully attempted to gain entry into the Farmers-Citizens Bank in Salem by trying to pry open its back door. As the police officers watched silently, defendants abandoned their attempt to enter the bank and attempted to break into the rear door of Apple's Drug Store located in the same alley as the back door of the bank.

At that time, the officers approached, apprehended, and arrested the defendants. They were later charged, tried and

convicted of (1) conspiracy to commit a felony, to-wit: burglary of Apple's Drug Store and (2) conspiracy to commit a felony, to-wit: burglary of Farmers-Citizens Bank.

## I.

Initially, defendants argue that their being charged with, tried for, and convicted of two separate conspiracies is contrary to IC 1971, 35-1-111-1, Ind. Ann. Stat. § 10-1101 (Burns 1956), to Article 1, Section 14 of the Constitution of Indiana, and to the double jeopardy clause of the Fifth Amendment. Under this issue defendants propound three separate arguments which shall be addressed in order of their presentation.

First, defendants argue that it was contrary to IC 1971, 35-1-111-1, *supra,* to charge them with two separate conspiracies. The statute provides:

> *"Conspiracy to commit felony.*—Any person or persons who shall unite or combine with any other person or persons for the purpose of committing a felony, within or without this state; or any person or persons who shall knowingly unite with any other person or persons, body, association or combination of persons, whose object is the commission of a felony or felonies, within or without this state, shall, on conviction, be fined not less than twenty-five dollars [$25.00] nor more than five thousand dollars [$5,000], and imprisoned in the state prison not less than two [2] years nor more than fourteen [14] years."

Defendants argue that since the two separate conspiracies with which they were charged, tried, and convicted arose from the same transaction, they have been placed in jeopardy twice for the same offense. Citing *Lynn* v. *State* (1934), 207 Ind. 393, 193 N.E. 380, defendants maintain that a person is guilty of but one conspiracy where he conspires to commit multiple crimes. They further argue that in the case at bar, their acts constituted only one conspiratorial relationship.

We do not dispute defendants' allegation that where a conspiracy to commit multiple crimes is formed there is but

one offense committed. However, as stated in *Robertson* v. *State* (1952), 231 Ind. 368, 108 N.E.2d 711, the statute defining conspiracy to commit a felony creates two separate offenses:

"The statute defining conspiracy to commit a felony creates two separate offenses: (1) Uniting or combining with any other person or persons for the purpose of committing a felony; and, (2) knowingly uniting with any other person or persons, body, association or combination of persons whose object is the commission of a felony or felonies." (Footnote omitted.)

In our opinion, defendants herein were charged with two separate violations of the first of the offenses rather than a single violation of the second. We find no error in this procedure. The ultimate question of whether defendants' acts constituted a single conspiracy to commit two burglaries or whether the acts constituted two separate conspiracies to commit separate burglaries is to be resolved by the trier of fact. Where, as in the case at bar, reasonable men could differ on that question it is not within the province of this court to substitute its judgment for that of the fact finder.

Next, defendants urge that it was reversible error to conduct a joint trial of the separate causes. This argument, however, having not been raised in defendants' motion to correct errors must be deemed waived on appeal. Ind. Rules of Procedure, Trial Rule 59(G); *Lewis* v. *State* (1975), 165 Ind. App. 267, 332 N.E.2d 107.

Thirdly, defendants maintain that they suffered two convictions for one offense in violation of the double jeopardy clauses of the Constitutions of Indiana and the United States. This argument, however, is inextricably intertwined with defendants' first argument under this issue, that being that their acts constituted one conspiracy. Where, as in the case at bar, two separate criminal offenses are committed in succession, it is not contrary

to the concept of double jeopardy to charge, try and convict for both offenses.

## II.

Secondly, defendants assert that the Indiana conspiracy statute found at IC 1971, 35-1-111-1, *supra,* is unconstitutional in that the penalty imposed thereunder is not proportionate to the crime committed. Defendants complaint is that a conviction of conspiracy to commit the crime of second degree burglary carries a sentence of not less than two [2] nor more than fourteen [14] years, whereas a conviction of second degree burglary carries a sentence of only not less than two [2] nor more than five [5] years. This seeming inconsistency is the foundation of defendants' assertion of unconstitutionality.

The precise argument which defendants advance was resolved by our Supreme Court in *Lane* v. *State* (1972), 259 Ind. 468, 288 N.E.2d 258. The following language of Justice Hunter from *Lane* is dispositive of defendants' argument:

"The conspiracy statute, IC 1971, 35-1-111-1, (Ind. Ann. Stat. § 10-1101 [1956 Repl.]), provides for a penalty of two to fourteen years upon conviction. The burglary statute, IC 1971, 35-13-4-4(b), (Ind. Ann. Stat. § 10-701(b) [1956 Repl.]), provides for a penalty of two to five years following a conviction for second degree burglary. It is appellant's contention that he cannot receive a greater sentence for *conspiring* to commit second degree burglary than he would have received for the actual *commission* of the offense. In support of his position, appellant relies upon *Dembowski* v. *State* (1968), 251 Ind. 250, 240 N.E.2d 815 and *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N.E.2d 498. In both of those cases, this Court decided that a person cannot receive a penalty for the commission of a lesser included offense which is greater than the penalty he would have received for the commission of the greater offense. The legal reasoning set forth in *Dembowski* and *Hobbs* is applicable to the case at bar only if the crime of conspiracy to commit a felony is a lesser included offense of the particular felony in question. It is well established that an offense will be considered a lesser included offense only when it is impossible to commit the greater offense

without first having committed the lesser. See, *House* v. *State* (1917), 186 Ind. 593, 117 N.E. 647; *Watford* v. *State* (1957), 237 Ind. 10, 143 N.E.2d 405; *Hobbs* v. *State, supra.* Applying this test to the crime of conspiracy, it must be recognized that a material element of conspiracy is the unified or concerted action of two or more persons. The unified or concerted action of two or more persons is not an element of second degree burglary. The distinction between these crimes was recognized in *Durke* v. *State* (1932), 204 Ind. 370, 378, 183 N.E. 97, 100, where we stated:

'[I]t must be said that the essential proof in a prosecution for burglary would not be sufficient to convict one charged with the crime known as 'conspiracy to commit a felony'— burglary. In the latter case the evidence must show a uniting or federation of two or more persons to commit the burglary.'

"It necessarily follows that the crime of conspiracy to commit burglary is not an included offense of the crime of burglary under the laws of this state, and we conclude, therefore, that *Dembowski* and *Hobbs* are not controlling of the constitutional issue presented in the case before us.

"A somewhat similar question was decided by the Supreme Court of South Carolina in the case of *State* v. *Ferguson* (1952), 221 S.C. 300, 70 S.E.2d 355, cert. denied, 344 U.S. 830, 73 S.Ct. 35, 97 L.Ed. 646. In resolving this issue, the court stated:

'Under the last group of exceptions the appellants contend that there was error in sentencing them to three years and a fine of one thousand dollars under the conspiracy count. Their argument is that one convicted of conspiracy to commit a statutory misdemeanor cannot be punished more severely than the penalty set out for such misdemeanor itself, and consequently that the limit in this case on the conspiracy count, is one year imprisonment and a fine of one thousand dollars, as provided for violation of the lottery statute. . . . We have no statute in this State providing that the punishment for conspiracy to commit a crime shall not exceed the penalty for the completed offense. At 15 C.J.S. *Conspiracy,* § 96, p. 1165, it is said that the weight of authority holds "that the legislature has the undoubted power to enact statutes which impose a heavier punishment for a conspiracy then for the offense which it is the object of the conspiracy to commit, and that a sentence in conformity with legislation of this character is unobjectionable and valid. The sentence of one convicted of conspiracy

to violate a particular statute and to commit a certain crime is not illegal because of any difference in the maximum length of imprisonment authorized for the substative offenses."

'In many instances a combination of persons to commit a crime is a more serious offense and more dangerous because of its increased power to do wrong, than the commission of the contemplated crime itself.' 221 S.C. at 306, 307, 70 S.E.2d at 358.

"It appears that the reasoning adopted in *State* v. *Ferguson, supra,* is in accord with the majority view in this country. See, *Steele* v. *State* (1959), 52 Del. 5, 151 A.2d 127; *Martin* v. *United States* (1939), 100 F.2d 490, cert. denied, 306 U.S. 649, 59 S.Ct. 590, 83 L.Ed. 1048; *Murry* v. *United States* (8th Cir. 1922), 282 F. 617. That a conspiracy to commit a crime may properly be considered to be more serious than the commission of the contemplated crime was also recognized in *United States* v. *Rabinowich* (1915), 238 U.S. 78, 88, 35 S.Ct. 682, 685, 59 L.Ed. 1211, where the court stated:

'For two or more to confederate and combine together to commit or cause to be committed a breach of the criminal laws is an offense of the gravest character, sometimes quite outweighing, in injury to the public, the mere commission of the contemplated crime.'

"Thus it appears well settled that the crime of conspiracy is a separate and distinct offense for which the legislature may properly impose a penalty which need not be proportionate to the penalty imposed for the commission of the contemplated offense. Appellant's contention that the statutory penalty is unconstitutional is without merit." (Original emphasis).

### III.

Finally, defendants maintain that the trial court erred in not giving credit for pre-conviction incarceration time. Examining the record, we conclude that defendants are correct in their contentions under this issue.

IC 1971, 35-8-2.5-1 (Burns Code Ed.) provides:

"*Credit for time served before sentencing.*—When sentencing any person convicted of a crime the sentencing court shall order that the sentenced person be given credit toward

service of his sentence for any days spent in confinement as a result of the criminal charge for which sentence is imposed or as a result of the conduct on which such charge is based. The court shall specify in its order of commitment the number of days credit to which the person sentenced is entitled pursuant to this section."

Additionally, IC 1971, 35-8-2.5-4 (Burns Code Ed.) provides:

"*Credit for time served—Indeterminate sentence.*—Whenever a person is sentenced to an indeterminate period of confinement in a penal institution or facility in this state pursuant to a statute that fixes minimum and maximum terms, any time credit to which he is entitled pursuant to section 1 [35-8-2.5-1] of this chapter shall be subtracted from the minimum as well as the maximum term provided."

The trial court erred in not following the mandates of these two statutes.

## CONCLUSION

There being no reversible error demonstrated, the judgments of convictions are hereby affirmed. The cause is hereby remanded with instructions to modify defendants' sentences consistent with the above statutes.

Affirmed and remanded with instructions.

Robertson, C.J., and Lowdermilk, J., concur.

NOTE.—Reported at 338 N.E.2d 651.