### WATFORD v. STATE OF INDIANA.

[No. 29,515. Filed June 19, 1957.]

*John D. Clouse,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Owen S. Boling,* Deputy Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by affidavit with the crime of first degree burglary under Acts 1941, ch. 148, §4, p. 447, being §10-701a, Burns' 1956 Replacement, tried by jury, found guilty as charged and sentenced to the Indiana State Prison for a period of not less than ten nor more than twenty years.

The sole error assigned here is the overruling of appellant's motion for a new trial.

Numerous grounds for a new trial are alleged in the motion therefor. However, we deem it necessary to consider only Specifications No. 7 and No. 8 by which appellant asserts that the trial court erred in refusing to give Instructions No. 4 and No. 5 tendered by him.

Instruction No. 4 would have told the jury that if there was reasonable doubt as to whether appellant was guilty of burglary in the first degree or third degree, then he should be found guilty of the lesser offense, i.e., burglary in the third degree.

Instruction No. 5 would have instructed the jury that if there was a reasonable doubt as to whether appellant was guilty of burglary in the first degree or of "entering to commit a felony," then they should find him guilty of the lesser offense, i.e., entering to commit a felony.[1]

---

1. Acts 1941, ch. 148, §5, p. 447, being §10-704, Burns' 1956 Replacement.

These present the question: Are the crimes of burglary in the third degree (§10-701c, Burns' 1956 Repl.), and of entering to commit a felony under Acts 1941, ch. 148, §5, p. 447, being §10-704, Burns' 1956 Replacement, included in the offense of first degree burglary under §10-701a, *supra*, as charged in the affidavit herein? Since either of these questions is likely to arise on a retrial of the case, we shall consider both of them.

The statutes pertaining to conviction of included offenses are, in pertinent part, as follows:

"When there is a reasonable doubt in which of two [2] or more degrees of an offense he [the accused] is guilty, he must be convicted of the lowest degree only."

Acts 1905, ch. 169, §261, p. 584, being §9-1806, Burns' 1956 Replacement.

"Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense."

Acts 1905, ch. 169, §271, p. 584, being §9-1816, Burns' 1956 Replacement.

"In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit."

Acts 1905, ch. 169, §272, p. 584, being §9-1817, Burns' 1956 Replacement.

". . . on indictment for a felony the defendant may be convicted of a misdemeanor, the commission of which is necessarily included in the offense charged." *Hazlett* v. *State* (1951), 229 Ind. 577, 583, 99 N. E. 2d 743.

Omitting formal parts, the affidavit by which appellant was charged, is as follows:

"Donald R. Miller being duly sworn upon his oath says that James Bruce Watford on or about the 26th day of July, A. D., 1956, at said County and State as affiant verily believes did then and there unlawfully, feloniously and burglariously break and enter into the dwelling house owned by Carl and Emily Peterson, in which dwelling house the said Mary Peterson then and there lived, said dwelling house being situated at 902 Covert Avenue, Evansville, Vanderburgh County, Indiana, with intent then and there to commit a felony therein, to-wit: unlawfully take and carry away the goods, chattels and personal property of said Mary Peterson."

In *Goldstine* v. *State* (1952), 230 Ind. 343, 351, 103 N. E. 2d 438, we recognized that a charge of unlawfully, feloniously, and burglariously entering a grocery store, with intent to take, steal, and carry away personal property, included the offense of entering to commit a felony under §10-704, *supra,* and held that third degree burglary was not an included offense in entering to commit the felony above described and charged in Count 1 of the affidavit in that case under §10-704, *supra.*

Notwithstanding that burglary is an offense "consisting of different degrees," third degree burglary is not an included offense under the felony charged in the case at bar for the same reason that third degree burglary was not included in the offense charged in Count 1 of the affidavit in *Goldstine* v. *State, supra.*

The charge in Count 1 of the affidavit there and the charge in the affidavit here, both involve either the commission of, or the attempt to commit, larceny. Since under our statutes[2] larceny cannot be a misdemeanor the charge in the affidavit herein

2.  Acts 1905, ch. 169, §1, p. 584, being §9-101, Burns' 1956 Replacement;
    Acts 1929, ch. 156, §2, p. 487, being §10-3002, Burns' 1956 Replacement.

could not include the charge of entering with intent to commit a misdemeanor. (§10-701c, *supra).*

There could be a charge under the first degree burglary statute which would include third degree burglary, as for example where a misdemeanor is necessarily included in the felony charged under §10-701a, *supra,* but that is not the situation here. Thus, it is apparent that §9-1816, *supra,* applies only in those cases where the offense of lesser degree is necessarily included in the offense of greater degree charged in the affidavit or indictment. This is in harmony with the well-settled rule that if an accused is found guilty of a crime that is not charged in the affidavit or indictment, the verdict is contrary to law. *Goldstine* v. *State, supra* (1952), 230 Ind. 343, 351, 103 N. E. 2d 438.

For the reasons above stated the offense of third degree burglary is not included in the felony charged in the affidavit herein, and the trial court properly refused to give appellant's tendered Instruction No. 4.

The test for included offenses under §9-1817, *supra,* is ably stated in *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647, and reaffirmed in *Bryant* v. *State* (1933), 205 Ind. 372, at page 378, 186 N. E. 322, as follows:

" . . . to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime, he can not be convicted of another crime of lesser magnitude under the provisions of Section 2148, *supra,* [§9-1817, Burns' 1956 Replacement], unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses."

It is clear from an examination of the two statutes[3] that it is impossible to commit the crime of *"breaking* and *entering* into any dwelling house or other place of human habitation with the intent to commit any felony therein" (burglary in the first degree, §10-701a, *supra*) without having *"entered* a dwelling house or other place of human habitation, with the intent to commit a felony therein." (Entering to commit a felony, §10-704, *supra*). (Our italics.)

Conviction of the crime here charged necessitates proof of all the essential elements of the lesser offense, of entering to commit a felony, plus the element of "breaking" which, under the charge here, makes the difference in the two offenses.

It must then conclusively follow that the offense of entering to commit a felony under §10-704, *supra,* is necessarily "included in that with which he [appellant herein] is charged in the . . . affidavit." *Goldstine* v. *State, supra* (1952), 230 Ind. 343, 103 N. E. 2d 438. The jury could have discharged appellant of the offense of first degree burglary and convicted him of the lesser offense of entering to commit a felony, if the evidence so warranted. *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N. E. 2d 893, 896.

For the reasons above stated we are of the opinion that the offense of entering to commit a felony under §10-704, *supra,* is included in the offense of first degree burglary, as charged in the affidavit herein, and the appellant was entitled to have the jury instructed that they could find him guilty of the lesser offense if the evidence so warranted.

While appellant's Instruction No. 5 is not perfect in

---

3. Section 10-701a and Section 10-704, Burns' 1956 Replacement.

form, it was sufficient to instruct the jury that appellant might have been found guilty of the lesser offense mentioned therein, and it was reversible error for the trial court to refuse to give it.

Other questions raised by the motion for a new trial are not likely to arise on a retrial, hence it is unnecessary to consider them.

Judgment is reversed with instructions to the trial court to grant appellant's motion for a new trial.

Arterburn, C. J., Emmert, Landis and Achor, JJ., concur.

NOTE.—Reported in 143 N. E. 2d 405.