# FREEMAN *v.* STATE OF INDIANA.

[No. 30,653. Filed December 5, 1967.]

212

*Delmbert & Pushor*, of Columbus, for appellant.

*John J. Dillon*, Attorney General, and *Wilma T. Leach*, Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal from a conviction of the crimes of Second-Degree Burglary, Grand Larceny, and Automobile Banditry. Trial was held before a jury.

The affidavit, omitting the formal parts, reads as follows:

"Alvin L. Wolfe, being duly sworn, upon oath, says that he is informed and believes that on or about the 7th day of October, 1963, at and in the County of Bartholomew and State of Indiana, one Charles Freeman did then and there unlawfully, feloniously and burglariously break and enter into a building, not a dwelling house or place of human habitation, and in which the said Charles Freeman had no right to enter, said building being occupied for business purposes by Lloyd E. Huffer and Rex Deiwert, partners doing business as Huffer-Deiwert T. V., said building being located at 2436 Cottage Avenue, Columbus, Bartholomew County, Indiana, with intent to commit a felony therein, to-wit: to unlawfully and feloniously take, steal and carry away the goods, chattels and personal property of the said Lloyd E. Huffer and Rex Deiwert, then and there being contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

## COUNT II

"Alvin L. Wolfe, being duly sworn, upon oath, says that he is informed and believes that on or about the 7th day of October, 1963, at and in the County of Bartholomew and State of Indiana, one Charles Freeman did then and there unlawfully and feloniously take, steal and carry away of

the personal goods and chattels of Lloyd E. Huffer and Rex Deiwert, partners, doing business as Huffer-Deiwert T. V., one (1) Admiral television set and two (2) radios, then there of the value of Five Hundred Sixty-Eight Dollars and Ninety Cents ($568.90), then and there being contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

## COUNT III

"Alvin L. Wolfe, being duly sworn, upon oath, says that he is informed and believes that on or about the 7th day of October, 1963, at and in the County of Bartholomew and State of Indiana, one Charles Freeman did then and there unlawfully and feloniously take, steal and carry away of the personal goods and chattels of Lloyd E. Huffer and Rex Deiwert T. V., one (1) Admiral television set and two (2) radios, then and there of the value of Five Hundred Sixty-Eight Dollars and Ninety Cents ($568.90), and the said Charles Freeman, at said time and place, had on and near the premises where said act was committed by him a self-moving conveyance, to-wit: a 1955 Chevrolet Panel Truck, by the use of which he escaped and intended and attempted to escape, then and there being contrary to the form of the Statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

At approximately 5:30 A.M. one morning, the appellant, who was driving a truck, was stopped by Columbus police. They had discovered that a burglary had been committed in a T.V. store in the area shortly before. Appellant was arrested for not having a driver's license and taken to police headquarters in Columbus. The truck was then searched and some of the items reported missing from the T.V. store were positively identified as those stolen. Also found in the truck were several burglary tools. The T.V. store's door had been pried open. The tools showed use and one had some paint on it that could have matched that on the store, but it was not identified as such.

When apprehended the appellant stated that he was from Indianapolis and was in Columbus to "try out" the truck with the possibility of buying it in mind. Later he said he had

been brought to Columbus by a named party and hired to drive the truck back for $50.00.

On trial the appellant introduced three (3) witnesses who testified, in substance, that he had been hired to drive the truck at 2:30 A.M. of the morning in question by the same-named individual. His sister drove him to Columbus and deposited him at the truck by 3:30 A.M. She did not testify as to the contents of the truck at that time. Due to routine checks by the Columbus police on local businesses, the time of the burglary was fixed as after 4:00 A.M. and before 5:30 A.M. when the appellant was apprehended.

A large five-feet long stereo-T.V. combination, a color T.V. set, two (2) transistor radios, some T.V. repair equipment, and approximately $8.00 was taken. Some of this was not in the truck when impounded by the police and was never found.

The appellant raises, validly, four (4) errors on appeal:

1. That the Trial Court erred in refusing to instruct the jury on the offense of entering to commit a felony contending such offense is included in Second-Degree Burglary as covered by Count I of the affidavit.

2. That there was insufficient evidence to support this conviction rendering it contrary to law.

3. That the Trial Court committed prejudicial error in giving an instruction as to aiders and abettors in a crime, Instruction No. 13.

4. That the Court erred in not giving to the jury tendered Instruction No. 7.

In his first issue raised for this appeal, appellant states that it was reversible error for the Trial Court to refuse to instruct the jury as to the lesser included offense of ■ Entering to Commit a Felony pursuant to Burns' Indiana Statutes, Anno., § 10-704, (1956 Repl.). Appellant argues that entering to commit a felony is a lesser included offense of Second-Degree Burglary as covered by Count I of the affidavit. In pressing his point he relies on *Watford v. State of Indiana* (1957), 237 Ind. 10, 143 N. E. 2d 405.

This case is sound authority for the rule that such an error by the Court is, indeed, reversible error. We, therefore, concur with appellant in that the conviction for Second-Degree Burglary should be reversed.

In his second issue, the appellant maintains that there is insufficient evidence to support the convictions. On appeal this Court may not weigh the evidence, but will only look to see if there is substantial evidence of probative value from which the jury would be warranted in returning a verdict of guilty. There must be such evidence to prove every material element of the crime charged. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677, *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185, *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543.

Examining the conviction of Auto Banditry, first we note that the statute sets out the following:

*"Automobile banditry—Use of conveyance in escape or attempted escape.*—If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less then ten [10] years nor more than twenty-five [25] years." Burns' Indiana Statutes, Anno., § 10-4710, (1956 Repl.).

In *Todd* v. *State* (1951), 230 Ind. 85, 101 N. E. 2d 922, this Court reversed a conviction of Auto Banditry wherein the State did not prove that the appellant had on or near the premises, an automobile, or similar vehicle, which he intended or did use in an attempt to escape or in which they did escape. The only evidence is that the stolen goods were found in the truck which the appellant was driv-

ing. In *Todd,* the goods—derived as the fruits of a fraudulent check—were found in the car which appellant was apprehended in as well. Though the goods were heavy and bulky, the Court concluded that there was not sufficient evidence from which a jury could return a verdict of guilty. We so conclude in this case.

The remaining crime, Grand Larceny, will be affirmed. It is well settled in Indiana law that unexplained possession of stolen goods shortly after the crime in the proximity will support a conviction of larceny. *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759. Appellant had introduced evidence as to how he came into possession of the goods. However, the jury chose not to believe his testimony and we may not overturn the conviction here when there is sufficient evidence to support it.

Appellant's third issue contends that the Court committed error when it gave Instruction No. 13 which reads as follows:

"It is the law of Indiana that every person who shall aid or abet in the commission of a felony, or who shall counsel, encourage, hire, command, or otherwise procure a felony to be committed, may be charged by indictment, or affidavit, tried and convicted in the same manner as if he were a principal, either before or after the principal offender is charged, indicted or convicted; and, upon such conviction he shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal.

To aid under the law is to knowingly aid, support, help or assist in the commission of a crime. It is the being present at the time and place, and knowingly doing some act to render aid to the actual perpetrator of the crime, though without taking a direct share in its commission.

If you find from all the evidence in the case beyond a reasonable doubt that any one, two or all of the offenses charged were committed by some person, and you further find beyond a reasonable doubt that the defendant gave aid to the person who committed such offense or offenses then you may find the defendant guilty of such offense or offenses as a principal."

Appellant objected, stating there was no evidence showing more than one person was involved. We conclude there was.

Due to the bulkiness of the items taken we think it is very probable that two or more people were involved.

In giving this instruction the Court was suggesting the possibility to the jury. We do not feel that the Trial Court committed prejudicial error in this matter and his objection was properly overruled.

The last issue raised by the appellant is that the Trial Court erred in overruling appellant's tendered Instruction No. 7 which reads as follows:

"The defendant has introduced evidence that he came to Columbus, Indiana, on the date in question accompanied by one Willa Fisher for the purpose of driving a truck back to Indianapolis, Indiana, and it is incumbent on the prosecution to prove to your satisfaction beyond a reasonable doubt that this was not all the defendant was doing or was attempting to do at the time of his apprehension."

We believe that this instruction was amply covered in instructions numbered 12 and 15 as given by the Trial Court, which, respectively, read as follows:

"In criminal law "alibi" means elsewhere or in another place. It is a mode of defense to a criminal prosecution, where the party accused, in order to prove he could not have committed the crime with which he is charged offers evidence to show that he was in another place at the time the alleged crime was committed. This is a legitimate and proper defense and evidence relative thereto has been offered from the witness stand on the behalf of the defendant. This evidence should be considered by you along with, and in the light of all the other evidence in the case giving it such weight and credence as you believe it warrants, and, after such consideration, should the evidence of alibi create a reasonable doubt in your minds as to the guilt of the defendant of any one or more of the offenses charged under the three counts then you should find the defendant not guilty of such offense or offenses."

"The exclusive possession of stolen property soon after a larceny or burglary has been committed, if not explained to

the satisfaction of the jury, may raise an inference that the person in possession of such stolen property is guilty of the larceny or burglary charged. The inference of guilt does not arise from the mere possession of the property stolen, but arises from the fact of its possession shortly after it has been stolen, coupled with the absence of a satisfactory explanation, or of anything tending to show that such possession is or may be consistent with innocence. In this case evidence has been presented by the State showing certain goods allegedly taken by a larceny from the Huffer-Deiwert T. V. Store in the possession of the defendant shortly after the alleged larceny. The defendant has offered evidence in defense to explain such possession of the goods. The Jury, in its deliberations, should consider the evidence offered both by the State and the defendant on this issue in the light of all the other evidence in the case giving such credence to witnesses and such weight to evidence as the jury believes is warranted."

The convictions of Second-Degree Burglary and Automobile Banditry are each reversed for the above-discussed reasons, and the conviction for Grand Larceny affirmed.

Hunter, J., and Arterburn, J., concur.

Jackson, C. J., concurs in part, dissents in part, with opinion.

Mote, J., not participating.

### Concurring-Dissenting Opinion

Jackson, C. J.—Appellant was charged by affidavit in three counts with the crimes of second degree burglary, grand larceny and automobile banditry. Trial was had by jury resulting in a finding of guilty on all three counts.

Judgment of the court rendered upon the verdict of the jury was as follows:

"IT IS, THEREFORE, ORDERED AND ADJUDGED by the Court that the defendant be and he is hereby sentenced under Count I of the affidavit, second degree burglary, to the custody of the Warden of the Indiana State Prison to be by him confined in said State Prison for not less than two years nor more than five years and he, the

said Charles Freeman, is rendered incapable of holding any office of profit or trust for a period of five years, and,

"IT IS, THEREFORE, ORDERED AND ADJUDGED by the Court that the defendant be and he is hereby sentenced and committed under Count III of the affidavit, automobile banditry, to the custody of the Warden of the Indiana State Prison to be by him confined in said State Prison for not less than one year nor more than five years, and,

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the charge of grand larceny under Count II of the affidavit is included in the offense of automobile banditry as charged in Count III of the affidavit and that no sentence or fine be imposed upon the defendant, Charles Freeman, for the offense of grand larceny under Count II of the affidavit, and,

"IT IS FURTHER ORDERED AND ADJUDGED by the Court that the imprisonment penalties imposed by the Court under Count I of the affidavit and Count III of the affidavit be served by the defendant, Charles Freeman, concurrently and that he pay the costs in this action and the Sheriff of Bartholomew County is ordered to execute the foregoing judgment instanter."

I concur in the majority opinion in the reversal of the convictions of second degree burglary and automobile banditry.

I dissent to the conclusion in the majority opinion affirming the conviction of grand larceny. By the third paragraph of the judgment of the court set forth above, the trial court held that the charge of grand larceny under Count II of the affidavit was included in the offense of automobile banditry as charged in Count III of the affidavit. It therefore follows that the reversal of Count III by the majority opinion carried with it the included offense of grand larceny charged in Count II of the affidavit.

NOTE.—Reported in 231 N. E. 2d 246.