RUGGIRELLO *v.* STATE OF INDIANA.

[No. 968S159. Filed April 22, 1969.]

*Edward C. Hilgendorf,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Duejean C. Garrett,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a conviction of the crime of entering to commit a felony as described in Burns' Indiana Statutes Annotated § 10-704. Trial was had by jury.

Following his conviction, the appellant filed a motion for new trial *pro se.* Thereafter, counsel was appointed to represent the appellant on an appeal. After the expiration of thirty (30) days from the date of the verdict of the jury, a pleading designated as an amended motion for new trial was filed by counsel and was subsequently overruled by the Court.

The sole assignment of error was the overruling of appellant's amended motion for a new trial. Neither the original motion for new trial filed by the appellant *pro se* nor the amended motion for new trial contained a memorandum as required by Rule 1-14B. Therefore,

the appellant has waived any consideration of his grounds for new trial that the verdict of the jury is contrary to law or that the verdict of the jury is not sustained by sufficient evidence.

An examination of appellant's brief discloses that all other grounds alleged in the amended motion for new trial were waived by reason of failure to address an argument thereto as required by Rule 2-17 of this Court.

The Attorney General has correctly raised the foregoing defects in the procedure followed by the appellant in this case and in his brief. Notwithstanding these defects, the Attorney General has addressed an argument to the merits of the case.

The evidence discloses that the appellant was first observed at 3:00 A.M. by Mishawaka police officers on routine patrol. They had discovered that two establishments had been broken into and decided to check other businesses in the community. As they pulled up in front of an all-night automatic laundry service, they saw a man come out of the door who appeared to have something hidden under his coat. As he walked he kept watching the police officers and quickened his pace. The officers called to him to stop, but he walked faster. The officers got out of the automobile and shouted at him to halt. He broke into a run. The officers again shouted to halt, and each officer fired a shot. When appellant then failed to halt, the officer testified he lowered his aim and fired.

After appellant continued to run, an object dropped from under his coat. He went on a short distance and fell into a yard from wounds received from the shots fired by police officers. The object which had dropped from his coat during flight was recovered by the police officers and found to be a 12 3/4 inch screw driver.

The officers further testified that appellant was not carrying any laundry as he left the establishment nor were there

any other customers in the building. They further testified that they observed what appeared to be fresh pry marks on a Pepsi Cola vending machine in the laundry. One of the co-owners of the laundry testified that she had taken the money from the vending machines at 5:00 P.M. the afternoon before and at that time there were no fresh pry marks on the machine.

A police detective in charge of investigation of the crime testified that the marks on the machine matched the size of the bit on the screw driver which had fallen from appellant's coat during his apprehension.

The question is then whether or not there was evidence from which the jury could find that the appellant did at the time he entered a place open to the public have the preformed intent to commit a felony. Appellant claims that the facts in this case very closely parallel those in the case of *Goodloe v. State* (1967), 248 Ind. 411, 229 N. E. 2d 626. However, in the Goodloe case when the appellant was apprehended he had no tools in his possession which could be classified as burglar tools, and the Court held that there was insufficient evidence to demonstrate that he was the person who had done the damage to the cabinet drawers in the place of business.

In the case at bar, however, the appellant was seen leaving the place of business, at which time he had in his possession a large screw driver capable of being used and classified as a burglar tool; that the damage done to the vending machine in the place of business was of the nature which would be inflicted by the use of this particular tool.

There was, therefore, ample evidence before the trial court from which the jury could find that the appellant did, in fact, enter the establishment with the intent to commit a felony. *Stanley v. State* decided by this Court March 12, 1969. 252 Ind. 20, 245 N. E. 2d 149; *Wojcik v. State* (1965),

246 Ind. 257, 204 N. E. 2d 866; *Tait v. State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Coffer v. State* (1958), 239 Ind. 22, 154 N. E. 2d 371.

The judgment of the trial court is, therefore, affirmed.

DeBruler, C. J., Arterburn and Hunter, JJ., concur.

Jackson, J., dissents without opinion.

NOTE.—Reported in 246 N. E. 2d 481.