HOBBS v. STATE OF INDIANA.

[No. 268-S-31. Filed November 25, 1969. Rehearing denied January 26, 1970.]

*Frank E. Spencer,* Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Hassett,* Deputy Attorney General, for appellee.

GIVAN, J.—The appellant was charged in the lower court with the offense of second degree burglary. Trial by the court without a jury resulted in a finding of guilty of the lesser included offense of entering to commit a felony as defined in Burns' Indiana Statutes Annotated § 10-704. The evidence most favorable to the state discloses the following:

About 3:35 P. M. on September 4, the same being Labor Day, 1967, one Daniel Crosby, a security guard for the Eli Lilly Company, Indianapolis, entered the canteen area on the second floor of the company's building located on McCarty Street. At that particular time the building was under construction; the first three floors having been completed were occupied by the Lilly Company. The remaining nine floors of the building were still under construction. Both the Lilly Company and the construction company had discontinued work for the Holiday.

At the time the guard entered the canteen area, he discovered appellant crouched between two vending machines which were about three feet apart. The appellant had a crowbar in his hand at that time. Upon being discovered by the guard, appellant backed away and did not answer the guard when asked what he was doing in the area. Another security guard arrived to render aid, and in searching the appellant found a wood chisel in appellant's pocket. Both the crowbar and the chisel were admitted into evidence in this case. One of the vending machines near which the appellant was crouched at the time of his discovery had large chip marks and indentations in the metal around its lock. This machine was a new machine, having been installed one month prior to the date in question. The evidence showed that this new machine bore no such marks and indentations at the time of its installation nor at any subsequent time immediately prior to the discovery of appellant as above described.

Appellant contends there is insufficient evidence to establish that he entered the premises with intent to commit a felony. The above evidence was sufficient upon which the trial court could logically base the inference that when the appellant entered the premises he had the intent to commit the felony of theft by breaking open and removing the contents of the vending machine. *Stanley* v. *State* (1969), 252 Ind. 37, 16 Ind. Dec. 662, 245 N. E. 2d 149; *Ruggirello* v. *State* (1969), 252 Ind. 144, 17 Ind. Dec. 273, 246 N. E. 2d 481.

The appellant next raises the question that his conviction on the so-called lesser included offense of entering to commit a felony is a violation of Article 1, Section 16, of the Constitution of Indiana, which section reads as follows:

"Excessive bail shall not be required. Excessive fines shall not be imposed. Cruel and unusual punishments shall not be inflicted. All penalties shall be proportioned to the nature of the offense."

In support of this contention appellant points out that the statutory penalty for second degree burglary, which was the charge under which appellant was tried, is two to five years, whereas the penalty for entering to commit a felony is one to ten years.

The law is well established in Indiana that an indeterminate sentence is for the maximum time prescribed by the statute. *Terry* v. *Byers* (1903), 161 Ind. 360, 68 N. E. 596.

This question raised by the appellant is extremely important and requires this Court to make a very close examination and re-evaluation of some of its most recent cases. In the case of *Freeman* v. *State*, decided by this Court in 1967, 249 Ind. 211, 12 Ind. Dec. 160, 231 N. E. 2d 246, this Court specifically stated that entering to commit a felony is a lesser included offense of second degree burglary; however, in so holding the only authority cited by this Court is *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405. The *Watford* case is a first degree burglary case. There can be no question that entering to commit a felony is in all ways a proper included offense for first degree burglary inasmuch as the maximum time invoked for such crime is twenty years. However, a serious question arises when second degree burglary is considered in view of the fact that it carries a maximum time of five years. We, therefore, feel compelled to make the following clarifications:

First: We reaffirm the test for included offenses which is set out in the *Watford* case, *supra,* at page 15, as follows:

" '. . . to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that if a party is charged with a given crime, he can not be .convicted of another crime of lesser magnitude under the provisions of Section 2148, *supra,* [§ 9-1817, Burns' 1956 Replacement], unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses.'

"It is clear from an examination of the two statutes that it is impossible to commit the crime of *'breaking* and *entering* into any dwelling house or other place of human habitation with the intent to commit any felony therein' (burglary in the first degree, § 10-701a, *supra*) without having *'entered* a dwelling house or other place of human habitation, with the intent to commit a felony therein.' "

Second: We hold that the language from the *Watford* case above set out is equally applicable to the offense of second degree burglary .for the proof of second degree burglary of necessity establishes the entering to commit a felony with the additional element of a break-in. Absent the breaking, the evidence clearly establishes an entering to commit a felony.

Third: This Court in the recent case of *Dembowski* v. *State* (1968), 251 Ind. 250, 15 Ind. Dec. 486, 240 N. E. 2d 815, had before it the question as to whether it was lawful to sentence a defendant charged with armed robbery carrying a maximum time of twenty years to the lesser included offense of robbery carrying a maximum time of twenty-five years. In coming to the conclusion that such a sentence was improper the Court followed *Weems* v. *U. S.* (1910), 217 U. S. 349, 30 S. Ct. 544, 54 L. Ed. 793. In that case the Supreme Court of the United States held that to sentence the defendant to a lesser included offense carrying a maximum time which was five years greater than the greater offense was a violation of the Eighth

Amendment to the Constitution. This Court using the same reasoning held the situation in *Dembowski* to be in violation of the last sentence of Article 1, Section 16 of the Indiana Constitution.

The opinion in *Dembowski* also cites the case of *Application of Cannon* v. *Gladden* (1955), 203 Ore. 629, 281 P. 2d 233. In that case the Oregon Supreme Court in quoting from a prior Oregon case stated:

> " 'There can be no question that a sentence may be excessive, even though within the maximum of the statute, but if excessive, it is within the power of the appellate court to enforce this provision of the Bill of Rights, and avoid the judgment so far as it is excessive.' "

The reasoning in *Dembowski* and the cases cited therein are applicable to the case at bar.

Fourth: We hold that because the appellant was originally charged with second degree burglary, the maximum time for which is five years, it is an unconstitutional application of the included offense statute to sentence the appellant to a maximum period of ten years. We, therefore, hold the law in this state to be that a defendant may be tried on a charge and may be convicted of any lesser included offense as above defined. However, if, as in the case at bar, the lesser included offense carries a greater maximum sentence than the greater offense originally charged, the trial court has jurisdiction to sentence for a period not exceeding the maximum covered under the original charge. The court shall, however, in such instance give the defendant all benefit of any lesser minimum time as provided by the lesser included offense. For example, in the instant case the minimum time in prison for second degree burglary is two years whereas the minimum time for entering to commit a felony is one year. Appellant should receive the benefit of the one year minimum.

Fifth: We have now reevaluated the closing statement of this court in *Dembowski* and believe the appellant is entitled to immediate modification of his sentence.

This case is, therefore, remanded to the trial court with instructions to enter a corrected judgment and commitment *nunc pro tunc* sentencing the defendant to the Indiana State Prison for not less than one nor more than five years.

Arterburn and Hunter, JJ., concur; Jackson, J., dissents with opinion in which DeBruler, C.J., concurs.

## DISSENTING OPINION

JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto.

Appellant's motion for new trial contained two grounds, viz:

"1. The decision of the Court is contrary to law;

2. The decision of the Court is not sustained by sufficient evidence."

The assignment of errors is the single specification:

"The Court erred in overruling appellant's Motion For A New Trial."

Without weighing the evidence the same may be summarized as follows: Appellant was found in the building, there was no evidence that anything had been stolen or taken, there was no evidence that the appellant had any felonious intent when he entered the building, there is no evidence that he intended to take any property whatsoever from the building. Appellant had in his pocket a chisel when found on the property. There was also evidence that he was in possession of a crowbar, that evidence as to the crowbar is conflicting, but need not be here discussed or decided for there is no evidence that either the crowbar or chisel were used by appellant. There were some marks on one of the vending machines but no evidence as to just when or by whom they were made.

On appeal we do not weigh the evidence below but we are permitted to review the evidence to determine if it is supported by sufficient evidence of probative value to sustain the judgment below. *King* v. *State* (1968), 249 Ind. 699, 234

N. E. 2d 465; *Freeman* v. *State* (1967), 249 Ind. 211, 231 N. E. 2d 246; *LaMar* v. *State* (1953), 231 Ind. 508, 109 N. E. 2d 614.

I am of the opinion the conviction of the appellant had to result from an inference upon speculation. Under the law of this state such a conviction cannot and should not be sustained.

It has long been held that opportunity alone is not sufficient to sustain a conviction. Accepting the evidence most favorable to the state as true, that evidence does not exclude every other reasonable hypothesis except that of guilt. *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795; *Christen* v. *State* (1950), 228 Ind. 30, 89 N. E. 2d 445; *Osbon* v. *State* (1938), 213 Ind. 413, 13 N. E. 2d 223.

The case should be reversed and remanded with instructions to grant appellant's motion for a new trial.

DeBruler, C.J., concurs.

NOTE.—Reported in 252 N. E. 2d 498.