### GARY HASH *v.* STATE OF INDIANA.

[No. 1269S296. Filed July 6, 1972.]

*William T. Hornaday,* of Bloomington, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

PRENTICE, J.—The defendant (appellant) was charged with robbery under 1956 Repl. Burns Ind. Stat. Ann. § 10-4101, IC 1971 § 35-13-4-6, Acts of 1941, ch. 148, § 6; he was convicted in a trial by jury of Theft and sentenced to imprisonment for not less than one nor more than ten years and disfranchised. His appeal presents two questions for review: (1) the sufficiency of the evidence and (2) refusal of the trial court to give a tendered instruction relative to a lesser included offense and failure of the trial court to include a verdict form upon the lesser included offense.

(1) The evidence, viewed most favorably to the State, supports the following circumstances. The prosecuting witness, Gary Williamson, was driving an automobile alone in the city of Bloomington. The defendant was driving an automobile in which there were several young men companions as passengers. Williamson made several attempts to pass the defendant, but upon each occasion, the defendant pulled his vehicle to the left in front of Williamson and blocked his way. Ultimately, the defendant blocked the way in such a manner as to require Williamson to stop. Some words were exchanged and one of the passengers in the defendant's automobile got out, and as Williamson attempted again to pass, this person kicked the right rear fender of his automobile. Williamson completed the passing operation but then stopped, alighted, saw that his vehicle was damaged and walked a short distance back to the defendant's automobile to demand an explanation and to obtain the vehicle's license number. The defendant alighted from his automobile and struck Williamson in the face. A brief fight ensued, in the course of which the defendant knocked Williamson to the ground and demanded his money and thusly obtained from him approximately $20.00

in U.S. currency and two one-hundred franc French bills. When apprehended later in the evening, the defendant had the French bills upon his person.

At the trial, the defendant admitted having had a fight with Williamson and having the French bills upon his person when arrested. He denied taking anything from Williamson, however, and testified that after he had knocked Williamson down, Williamson got to his feet and ran away, and that as he (the defendant) walked a short distance to return to his automobile, he found the French bills lying upon the ground.

We hold the above evidence sufficient to sustain the conviction of theft from the person of Williamson, under Burns Ind. Stat. Ann. § 10-3030, IC 1971, 35-17-5-3, Acts of 1963, Spec. Sess. ch. 10, § 3 and the penalty provisions thereof, being Burns 10-3039 (5) (e).

When the sufficiency of the evidence is raised as an issue on appeal, this Court will consider only that evidence most favorable to the State along with all logical and reasonable inferences that may be drawn therefrom. *Fuller* v. *State* (1971), 256 Ind. 681, 271 N. E. 2d 720; *Gibson* v. *State* (1971), 257 Ind. 23, 271 N. E. 2d 706; *Rusher* v. *State* (1971), 256 Ind. 520, 270 N. E. 2d 748. Conviction will be affirmed if, from that viewpoint, there is substantial evidence of probative value from which the trier of fact could reasonably infer that the defendant was guilty beyond a reasonable doubt. *Fuller* v. *State, supra; Gibson* v. *State, supra; Taylor* v. *State* (1971), 256 Ind. 170, 267 N. E. 2d 383. This Court on appeal will not weigh the evidence nor determine the credibility of witnesses. *Cravens* v. *State* (1971), 257 Ind. 381, 275 N. E. 2d 4; *Potter* v. *State* (1971), 257 Ind. 370, 274 N. E. 2d 699; *Fuller* v. *State, supra.*

(2) The defendant's second proposition presents a novel and bona fide question but we believe it also to be without merit. The court instructed upon the doctrine of included offenses and included its instruction No. 8, advising of the lesser included offense of theft and the penalty therefor, if

from a person, which offense we shall hereinafter refer to as "theft from the person." The penalty therefor being prescribed by Burns § 10-3039 (5) (e), IC 35-17-5-12 (5) (e). The defendant, however, maintains that he was also entitled to an instruction upon the penalty provided by Burns § 10-3039 (1), IC 35-17-5-12 (1), which provides the penalty for theft not from the person (hereinafter called simple theft). The only evidence of the value of the property taken from Williamson placed it as less than $100.00; hence, if the defendant were entitled to an instruction upon simple theft, as an offense included in robbery and theft from the person, he would also have been entitled to the submission of the "lesser penalty" verdict forms.

It is not questioned that a defendant is generally entitled to an instruction covering all offenses that are necessarily included in the offense charged and a submission of forms for all possible verdicts under the offense charged. *Sullivan* v. *State* (1957), 236 Ind. 446, 139 N. E. 2d 893. The test for determining what offenses are included has recently been reiterated in *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498, wherein we reaffirmed the test from *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405, as follows:

" '* * * to be necessarily included in the greater offense, the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser. This being true, the court is compelled to hold that, if a party is charged with a given crime, he can not be convicted of another crime of lesser magnitude under the provisions of section 2148, *supra,* [§ 9-1817, Burns' 1956 Replacement], unless a conviction of the crime charged necessitates proof of all the essential elements of the lesser offense, together with the added element which makes the difference in the two offenses.' " 252 N. E. 2d at 500.

The foregoing test, however, must not be administered merely by applying the elements of the respective crimes as

defined by the statutes; but rather, it is also necessary to look to the charging affidavit or indictment to see if a lesser offense is necessarily included in the greater one, as charged. In *Sullivan* v. *State, supra,* we observed that it was quite apparent in a charge of homicide where death is alleged to have been caused by poisoning, a charge of the lesser offense of assault and battery would not be included. In addition to the statutes, then, we must also look to the wording of the offense charged in each case to determine what lesser offenses, if any, are included.

Applying only the foregoing test to the circumstances at bar, it would appear that the defendant was entitled to his tendered instruction and the misdemeanor verdict form under Burns § 9-1816 and § 9-1817, IC 35-1-39-1, 35-1-39-2, Acts 1905, ch. 169, § 271 and § 272, as follows:

> "Upon an indictment or affidavit for an offense consisting of different degrees, the jury may find the defendant not guilty of the degrees charged in the indictment or affidavit, and guilty of any degree inferior thereto or of an attempt to commit the offense."

> "In all other cases, the defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged in the indictment or affidavit."

Defendant argues that simple theft is necessarily an included offense in the charged offense of robbery, and we cannot dispute his contention when viewed both in the pale of the statute and that of the charging affidavit. An additional factor, however, must logically come into play, one that does not appear to have been recently considered, at least in this state, although a similar situation was before this Court and determined consistently with our holding herein in the case of *Cole* v. *State* (1921), 192 Ind. 29, 134 N. E. 867. When we view the evidence in the case at bar, we at once must recognize that the only evidence of a "taking" was that the money and French bills were taken from the person of Williamson. The only testimony to the contrary was that

of the defendant, who testified that he found the French bills, which would be no offense. The jury would have been justified in finding for the defendant upon his testimony, or, as it did, for the State upon Williamson's testimony that the items were taken from his person. It could not, however, disbelieve the testimony of both Williamson and the defendant and speculate upon a third factual situation upon which there was no evidence. This is an altogether different situation than one where the additional element contained in the greater offense is one of a state of mind which may be inferred, or not from the overt acts. In a case such as first degree murder, for example, although the evidence clearly supports all the requisite elements, the jury may decline to believe that the act was premeditated or with malice and, under such circumstances, find a lesser offense not requiring such elements. Here, we are concerned with an overt act. If it was committed at all, it was a taking from the person of Williamson. There was a void as to any probative evidence from which the jury could find any other taking, and an instruction upon the lesser offense of simple theft would have been improper, as not being applicable to the evidence. A trial court's refusal to grant a tendered instruction will be reversed only if, considering the evidence in the case the substance of the instruction was required to be given and was not adequately covered by other instructions actually given. *Maxey* v. *State* (1969), 251 Ind. 645, 244 N. E. 2d 650; *Kennedy* v. State (1935), 209 Ind. 287, 196 N. E. 316. It is error to give an instruction upon an issue if there is no evidence to support it. *Kennedy* v. *State, supra; Cole* v. *State, supra; Lamb* v. *York* (1969), 252 Ind. 252, 247 N. E. 2d 197.

We hold, therefore, that for an instruction and verdict form upon a lesser included offense of the offense charged to be proper, there must be some evidence of probative value from which the jury could properly find the defendant guilty of such lesser included offense. This proposition is clearly supported by *Cole* v. *State, supra.*

Finding no error, the judgment of the trial court is affirmed.

Arterburn, C.J. and Givan and Hunter, JJ., concur; De-Bruler, J., dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—It seems to me that the issue of whether or not simple theft of under $100.00 carrying a maximum penalty of one to five years is a lesser and included offense of robbery should be decided upon the basis of the body of the law contained in *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405; *Hobbs* v. *State* (1969) 253 Ind. 195, 252 N. E. 2d 498; and *Thomas* v. *State* (1970), 254 Ind. 600, 261 N. E. 2d 588, cited in the State's brief. In *Watford,* the Court examined the two statutes alone to see whether one was a lesser and included offense of the other. In *Hobbs* and *Thomas* we examined the two statutes and the charging affidavit or indictment to determine whether one was a lesser and included offense of the other. As I understand this majority opinion, it adopts a new test for determining the issue, and that is that we must examine all the evidence given at trial to determine whether one of two offenses is necessarily included in the other. I would not vote to adopt this test.

Contrary to the Statement contained in the majority that we have not considered adopting the "look to the evidence test," I would quote from my own dissent in *Thomas:*

"I concede that a different result would be reached were we to look to the evidence actually introduced at the trial. However the majority opinion does not adopt such a test and I believe rightly so."

In support of my view not to take the step recommended by this majority opinion, I would point out the following:

1. The statute on lesser included offenses specifically authorizes judges and juries to find a defendant guilty "of any offense, the commission of which is necessarily included in that with which he is charged *in the indictment or affidavit.*" (Emphasis added.) I.C. 1971, 35-1-39-2, being Burns § 9-1817. The test required by this statute ignores the evidence at trial.

2. How can it be said that one who takes $40.00 from the person of another by violence and putting in fear, has not necessarily exerted unauthorized control over the property of another intending to deprive the owner permanently of the money? It is utterly impossible to commit a robbery without also committing a simple theft.

3. Appellant points out that petit larceny was a lesser and included offense of robbery.

4. I do not believe a distinction can be made between overt acts which tend to show criminal intent and overt acts tending to show any other element of the crime charged. Under the majority test a trial court could properly refuse to give an instruction on theft under $100.00 where the theft charged was a gun of the value of $200.00 and the evidence before the jury on the issue of value was the gun itself and the testimony of an expert witness that the value of the gun was $200.00, if in the judge's mind the gun itself was worth $200.00. Such a result imperils the right to trial by jury.

5. If the lesser included offenses are to be contained in the preliminary instructions to the jury, then the trial judge cannot know how to instruct since the evidence is not in.

6. *Cole* v. *State* (1921), 192 Ind. 29, 134 N. E. 867, cited by the majority holds that second degree murder and manslaughter are not lesser included offenses of first degree felony murder. In felony murder the intent to kill is not an element of the offense and therefore second degree murder and manslaughter are properly not lesser and included. This holding in no way supports the adoption of the evidence test.

7. Surely due process of law requires that the defendant in a criminal case know the offenses with which he is charged and against which he must defend before the State rests its case-in-chief. The defendant cannot know this if the evidence bears on the issue of what is an included offense.

NOTE.—Reported in 284 N. E. 2d 770.