JAMES CRUMP *v.* STATE OF INDIANA.

[No. 471S103. Filed September 27, 1972.]

*R. Victor Stivers,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by James Crump from a judgment in the Marion Criminal Court, Division Two, convicting him of the crime of Attempted Arson.* On December 30, 1969, appellant was indicted for First Degree Arson. On January 15, 1970, the appellant appeared and entered a plea of not guilty. Appellant waived a jury trial, and on September 25, 1970, trial was held before the Honorable Saul I. Rabb. After trial, the matter was taken under advisement, and on November 6, 1970, appellant was found guilty of the lesser

* This case was reassigned to this office on August 14, 1972.

included offense. On December 3, 1970, appellant was sentenced to the Indiana State Farm for a term of three hundred sixty (360) days.

Appellant makes the following allegations of error on appeal:

1. That the evidence is insufficient to sustain the conviction.
2. That the decision is contrary to law.
3. That the court erred in determining that Attempted Arson is a lesser included offense of First Degree Arson.

When reviewing for the sufficiency of the evidence, it is well established that this Court will neither weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State will be considered on appeal. If there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the trial court's finding will not be disturbed on appeal. *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609.

The evidence most favorable to the State, as revealed by the record, is as follows: Early on the evening of December 21, 1968, the appellant, accompanied by his girl friend, Fayetta Winn, drove to the apartment of his ex-wife which was located at 1202 East Beecher Street in Indianapolis. The appellant went to the rear of the apartment house where he broke a window to gain entry. Once inside, he piled some clothes on the bed and set them on fire. He also removed a six pack of beer from the refrigerator before returning to his car. Appellant told Miss Winn, who had remained in the car, what he had done. When she refused to believe him, he drove around the block to enable her to observe the apartment. Miss Winn testified at trial that she could see a "red glow" coming from the bedroom window. An investigator testified

that he was of the opinion that the cause of the fire was arson.

The principal witness for the prosecution was Fayetta Winn. It is appellant's contention that Miss Winn's credibility was so severely impeached that her testimony should have been totally disregarded by the trier of fact. It was established that Miss Winn had made prior inconsistent statements concerning appellant's guilt in a non-related crime for which the appellant was tried and found not guilty. It could also be inferred from the testimony that Miss Winn was deeply embittered due to appellant's decision to discontinue his relationship with her and to marry another woman. Counsel for appellant also points out that the trial judge expressed concern over Miss Winn's testimony, and for that reason took the matter under advisement.

To be sure, Miss Winn's credibility was impeached. Reasonable men could have found that Miss Winn's incriminating testimony was uttered solely for the purpose of gaining revenge against the appellant for his decision to marry another woman. Equally true, however, is that the testimony of the arson investigator substantially corroborated much of her version of the incident. He testified that the cause of the fire was arson; the window pane on the door had been broken out prior to the time the fire started; the occupants of the apartment had complained that beer was missing from the refrigerator.

> "If different persons might reasonably arrive at different conclusions from that reached by the trial jury, *the verdict will not be set aside for that reason. Davidson* v. *State* (1933), 205 Ind. 564, 576, 187 N. E. 376." *Baker* v. *State* (1956), 236 Ind. 55, 61, 138 N. E. 2d 641. (our emphasis)

In the case at bar, it is apparent that the trial judge might reasonably have concluded that Winn's testimony reflected a substantial degree of knowledge about the details of the crime, and that such testimony was therefore not contrived.

As stated beforehand, the determination of the credibility of witnesses is a matter for the trier of fact and that determination will not be disturbed on appeal. No error was committed in regard to this matter.

Appellant's next contention is that the decision is contrary to law because it is based upon conduct not covered by the statute and because the statute is unconstitutionally vague. The statute under which appellant was convicted is IC 1971, 35-16-1-6, (Ind. Ann. Stat. § 10-306 [1956 Repl.]), which provides, in part:

> "Whoever wilfully and maliciously does any act or acts, not set out in any of the foregoing sections of this act, that could or might result in the setting of a fire to or the burning of any buildings or property mentioned in or comprehended by any of the foregoing sections of this act, but which for any reason does not result in such a setting of fire or the burning of any such property . . . shall be guilty of attempted arson. . . ."

Appellant contends that the language "any act or acts, not set out in any of the foregoing sections of this act," is too general and does not adequately define the conduct intended to be prohibited by the statute. We do not agree. The foregoing sections of the act are statutes defining crimes such as first and second degree arson. It is clear that the conduct intended to be prohibited in an arson statute is a wilful and malicious burning; the *method* employed to accomplish such a burning is unimportant. One of the foregoing sections, IC 1971, 35-16-1-5, (Ind. Ann. Stat. § 10-305 [1956 Repl.]), prior to its amendment in 1972, described certain conduct which, if undertaken with the intent to commit arson, would constitute a crime. This latter statute appears to cover almost every conceivable means by which arson could be attempted. The statute under which appellant was convicted appears to cover all acts not covered by IC 1971, 35-16-1-5, (Ind. Ann. Stat. § 10-305 [1956 Repl.]). To be sure, the specific acts are not set out in the statute, but a conviction for the crime of

arson is not dependent upon the methods used to commit the crime. It necessarily follows that a conviction for the crime of attempted arson does not depend upon the means employed in an attempt to accomplish the crime. We conclude, therefore, that the statute is not unconstitutionally vague, nor is the trial court's judgment based on conduct not covered by the statute.

Appellant's final argument is that the crime of Attempted Arson is not a lesser included offense of the crime of First Degree Arson. This contention is based on the fact that arson embraces an *effective act* from which fire results, while the crime of attempted arson necessarily embraces an *ineffective act* from which no fire results. If proof of an ineffective act is necessary to establish the "attempt," it would follow that Attempted Arson is not an included offense of First Degree Arson because the former crime embraces an element not found in the latter. Reasoning such as this was adopted in *People* v. *Lardner* (1921), 300 Ill. 264, 133 N. E. 375, wherein the court reversed a conviction for *attempted* larceny where the indictment charged the defendant with the crime of larceny. However, the opposite result was reached in *People* v. *Baxter* (1928), 245 Mich. 229, 222 N. W. 149, where the court expressly rejected the Illinois rule. We are of the opinion that the rule set forth in *Baxter* is more logical. It should make no difference whether the criminal conduct is successful or unsuccessful when determining an included offense. The conduct is the same in both cases; the actor's intent is the same in both cases.

In the recent case of *Hash* v. *State* (1972), 258 Ind. 692, 284 N. E. 2d 770, we approved the test for lesser included offenses which was used in *House* v. *State* (1917), 186 Ind. 593, 117 N. E. 647, and subsequently followed in *Bryant* v. *State* (1933), 205 Ind. 372, 186 N. E. 322; *Watford* v. *State* (1957), 237 Ind. 10, 143 N. E. 2d 405; and, *Hobbs* v. *State* (1969), 253 Ind. 195, 252 N. E. 2d 498. In the above decisions it was determined that an offense will be considered a "lesser in-

cluded" offense only when it is impossible to commit the greater offense without first having committed the lesser. In *Hash* v. *State, supra,* we further recognized that in making such a determination it is necessary to look not only to the respective statutes, but also to the charging indictment or affidavit and the evidence presented at trial. In the case at bar, the indictment charged that the appellant "unlawfully, feloniously, wilfully and maliciously set fire to and burn[ed] a certain dwelling house . . ." This charge was made pursuant to IC 1971, 35-16-1-1, (Ind. Ann. Stat. § 10-301 [1956 Repl.]), which defines First Degree Arson. The evidence introduced at trial was sufficient to establish every element of the crime of First Degree Arson. The Attempted Arson statute embraces the same elements as are found in the First Degree Arson statute except for the element of actual burning. It follows that it would be impossible to commit arson without first having attempted it, and we conclude, therefore, that Attempted Arson is a lesser included offense.

For all of the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with Opinion.

### DISSENTING OPINION

DeBruler, J.—I dissent on the grounds that the very language of this statute prohibits it from being a lesser included offense of first degree arson, and furthermore that when the statute is thus construed it is void because of vagueness.

I would agree with the majority that the usual test for whether one offense is a lesser included offense of another is whether it is impossible to commit the greater offense without having first committed the lesser. However, the statute here, although referred to as an attempt statute, has specific lan-

guage in it which takes it out of the general rule to be followed in such cases. This statute in part states:

"Whoever wilfully and maliciously does any act or acts, *not set out in any of the foregoing sections of this act,* that could or might result in the setting of a fire to or the burning of any of the buildings or property mentioned in or comprehended by any of the foregoing sections of this act, but which for any reason does not result in such a setting of fire to or the burning of any such property shall be guilty of attempted arson." (Emphasis added.) I.C. 1971, 35-16-1-6, Burns § 10-306.

A clear reading of the statute will reveal that by its wording it seeks to exclude from its definition all acts prohibited by the foregoing sections of the act. The foregoing sections of the act are concerned with definitions of first, second, third degree arson (the setting of fire to or burning of various types of structures) and a statute prohibiting the placing of combustible materials with intent to commit arson. The statute itself, therefore, prevents us from considering it as a lesser included offense of first degree arson. By its literal definition it seeks to prohibit certain acts not included in the foregoing sections which could, but for some reason do not, result in a fire. The language used here is clearly exclusionary in nature and not inclusive. The statute does not seek to incorporate the definitions of the foregoing sections into it, but rather specifically tells us that it is prohibiting some type of acts "not set out in the foregoing sections." It is not possible therefore for this to be a lesser included offense of first degree arson since the statute excludes any such acts by its definition.

A further problem presents itself when we seek to discover what acts are prohibited by the language of Burns § 10-306, *supra.* They must be acts, aside from setting fire to or burning or placing combustible materials with the intent to burn, which could result in the setting of a fire but for any reason do not so result. It taxes the imagination to conceive of what act or acts would fit this definition. The statute, by requiring us to ignore the definition of arson in the foregoing statutes,

leaves us in a position of having to guess at what acts it seeks to prohibit. The fault of the statute is not that it fails to specifically list all possible methods of committing arson but that it in essences excludes almost every conceivable means of attempting arson by its definition and requires us to guess as to what acts are left to be prohibited. It seeks to prohibit an act or acts which cannot be defined either by referring to the statute itself or to definitions located in related statutes. Such vagueness crosses the constitutional limits of due process by requiring men of ordinary intelligence to guess at its meaning and it is therefore void.

NOTE.—Reported in 287 N. E. 2d 342.