Alonzo TUCKER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1180A344.

Court of Appeals of Indiana,
Fourth District.

May 13, 1981.

Rehearing Denied June 23, 1981.

Hugo E. Martz, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Presiding Judge.

After trial by jury, appellant-defendant Alonzo Tucker was found guilty of rape, a Class B felony. He appeals alleging error in the trial court's refusal to give tendered instructions on battery as a lesser included offense of rape.

We reverse.

The question of giving an instruction on a lesser included offense embodies a two step analysis. *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208, 212. The first step requires examination of the

two statutes creating the alleged greater and lesser offenses and the charging instrument to determine from these whether a conviction of the crime charged necessitates proof of all the essential elements of the lesser plus an added element which makes the difference in the two offenses. *Lawrence*, 375 N.E.2d at 212; *Watford v. State*, (1957) 237 Ind. 10, 143 N.E.2d 405; *Roddy v. State*, (1979) Ind.App., 394 N.E.2d 1098. The State "assumes" this requirement has been met.

◼ The second requirement which must be met before a lesser included offense instruction is proper is that there is evidence of probative value from which the jury could find the defendant guilty of the lesser included offense. *Lawrence*, 375 N.E.2d at 213; *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770. This requires that such evidence be substantial and not in serious dispute. *Lawrence, supra.* However, the evidence at trial must reveal a serious dispute as to the additional distinguishing elements of the charged greater offense. *Lawrence*, 375 N.E.2d at 213; *Maxwell v. State*, (1980) Ind.App., 408 N.E.2d 158, 162–63; *Roddy*, 394 N.E.2d at 1110. A serious dispute means evidence of any probative value concerning whether the distinguishing elements were committed. *Hester v. State*, (1974) 262 Ind. 284, 315 N.E.2d 351; *Maxwell*, 408 N.E.2d at 163; *Roddy*, 394 N.E.2d at 1110–13. This process does not induce compromise verdicts[1] and permits the trier of fact to judge the weight and credibility of evidence related to the additional distinguishing element(s) of the greater offense. Refusal to give a lesser included offense instruction where there is a "serious dispute" takes this function from the jury.

◼ The State argues that there is no dispute in the evidence and that defendant

committed the crime of rape or none at all. It sets out the evidence of the victim concerning the rape. Then, the argument is made that the evidence is sufficient to sustain a conviction. We agree that based upon the victim's testimony a conviction for rape could be affirmed. *Lottie v. State*, (1980) Ind., 406 N.E.2d 632. It matters not that there was a conflict in the evidence when considering a challenge to the sufficiency. However, a conflict does make a difference in the analysis of whether to give a lesser included offense instruction if the conflict rises to the level of a serious dispute concerning commission of the additional distinguishing elements. Here, there was evidence in the form of a swollen or "busted" lip that a battery occurred. This evidence was presented by the examining physician confirming such evidence in the hospital report. There was evidence of a "tussle" over a handgun. Tucker's theory of defense was to dispute the element of sexual intercourse, but to admit his presence and a battery.

◼ We believe a serious dispute existed in the evidence as to the commission of the additional elements of rape that a lesser included instruction was necessary. Without weighing the evidence or determining credibility the following evidence was presented relative to the distinguishing element of the greater offense.[2] The victim testified her legs were forced apart and sexual intercourse occurred including ejaculation by the defendant. The examination by the victim's family physician revealed no trauma, damage or injury to the victim's genital area. Nor did tests taken in the examination reveal the presence of sperm. The doctor also stated that none of these symptoms were conclusive of either commission or noncommission of the rape. This

---

1. While compromise verdicts are not sanctioned, such disfavor cannot exist as a complete shield to instructions on lesser included offenses where warranted.

2. The theoretical argument exists that whenever the jury has returned a verdict of guilty for the greater offense, they have chosen to believe the evidence of the prosecution and the failure to give the lesser included offense instruction is harmless error. *See, e. g.* 75 Am.Jur.2d *Trial*

§ 876; 24B C.J.S. *Criminal Law* § 1923(1) at 208. However, this theoretical analysis ignores human nature and the weaknesses of the jury system. *See* Comment, *Jury Instructions on Lesser Included Offenses*, 57 Nw.U.L.Rev. 62, 68 (1962). A jury may believe a defendant is guilty of committing some crime and convict of the offense on which they were instructed without proof beyond a reasonable doubt on all elements.

conflict or dispute in the evidence exists as a serious dispute as to the additional distinguishing element of the greater offense. This is *not* to say that had the instruction been given a verdict should have been returned on the lesser offense of battery. However, the choice should have been given to the jury.[3]

 In this case, no issue is raised concerning the correctness of the tendered instruction on the lesser included offense of battery. However, a trial court's refusal to give a tendered instruction will be reversed only if the substance of the instruction was required to be given and was not adequately covered by other instructions given. *Hash v. State*, 284 N.E.2d at 774. There is

no question that the tendered instruction was not covered by instructions given. Instructions on lesser included offenses may be given, but such instruction need only be given when they are applicable. *McClain v. State*, (1979) Ind.App., 393 N.E.2d 261. As discussed above, lesser included instructions were applicable in this case and needed to be given.

Reversed.

CHIPMAN and MILLER, JJ., concur.

---

3. Examples of recent cases where the courts have held it unnecessary to give a lesser included offense instruction because there was no serious dispute about the additional distinguishing element are: *Rowley v. State*, (1979) Ind., 394 N.E.2d 928 (only disputed fact was identity); *Pruitt v. State*, (1978) 269 Ind. 559, 382 N.E.2d 150 (only issue for the jury to decide was the identity of the attacker); *Minton v. State*, (1978) 269 Ind. 39, 378 N.E.2d 639 (undisputed that there was a rape and robbery; only dispute was identity of perpetrator); *Maxwell v. State*, (1980) Ind.App., 408 N.E.2d 158 (no dispute as to differentiating elements between attempted theft and burglary); *Lewis v. State*, (1980) Ind.App., 406 N.E.2d 1226 (no dispute concerning the differentiating element of use of a deadly weapon).